No. 23,049.

JOHAN CONSTANS JONSSON et al., *Appellees,* V. CARL ERICKSON, *Appellant,* and PETER ADRIAN LARSON, *Appellee.*

### SYLLABUS BY THE COURT.

1. OPENING UP JUDGMENT—*Party Deceased—No Revivor—No Jurisdiction to Open Up Judgment.* Before the district court can entertain an application to open up a judgment rendered on service by publication where the plaintiff in the action has died, there must be a revivor of the judgment.

2. SAME—*No Revivor of Judgment—No Valid Service of Notice to Open Up Judgment.* In a suit for partition, a defendant answered that he was the only heir of his wife who in her lifetime had obtained a judgment against the plaintiffs, quieting her title to the real estate. The plaintiffs replied that the judgment upon which defendant relied was obtained on publication service only and that they had had it opened up, and at another trial judgment was rendered in their favor. The

evidence showed that after the death of the plaintiff in the first action, and without a revivor of the judgment, and without any notice served in compliance with section 83 of the code of civil procedure, the district court opened the judgment and afterwards rendered judgment in favor of the parties now plaintiffs in the present action. *Held,* that the proceedings subsequent to the death of the plaintiff in the first suit were void because there was no revivor of the judgment, and because there was no valid service of notice to open the judgment.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed March 12, 1921. Reversed.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellant.

*J. Harold Olson,* and *Clyde C. Glandon,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action, which was for partition, was commenced May 6, 1919. Carl Erickson, one of the defendants, filed an answer stating that he was the only heir of his wife, Amanda Carolina Erickson who, in her lifetime, had obtained a judgment against the plaintiffs and against the other defendant, Peter Adrian Larson, quieting her title to the real estate. The reply alleged that the judgment in favor of Amanda Carolina Erickson was obtained on publication service only, and had been opened up and another trial had in which judgment was rendered in favor of the plaintiffs establishing their interest in the real estate.

It appears that on March 2, 1916, Amanda Carolina Erickson, as plaintiff, brought a suit in the district court of Wyandotte county against all the plaintiffs in the present action and against Peter Adrian Larson, one of the defendants herein, to quiet her title to the real estate in controversy. The only service was by publication, and on May 3, 1916, judgment was rendered in favor of Mrs. Erickson as prayed for in her petition. On April 6, 1917, Mrs. Erickson died intestate, leaving as her sole heir, Carl Erickson. An administrator of her estate was duly appointed by the probate court of Wyandotte county. All debts were paid and the estate was fully administered, and at the end of two years from the time of his appoint-

ment the administrator was discharged. On May 17, 1918, before the administrator was discharged, the plaintiffs in the present case filed an application in the district court of Wyandotte county to open the judgment in the original suit and to be let in to defend. The application was made under the provisions of section 83 of the code of civil procedure (Gen. Stat. 1915, § 6974), which permits judgments on publication service only to be opened within three years. The same parties also filed with their application an answer entitled "Carl Erickson v. Peter Adrian Larson et al." From that time on, all papers filed by plaintiffs in that case were entitled "Carl Erickson v. Peter Adrian Larson et al." Having filed their motion to open up the judgment in the original case, the plaintiffs in the present action undertook to give notice of their motion by publication for three weeks in a newspaper and by sending a copy of the publication to the supposed address of Carl Erickson in California, and also by handing a copy of the notice to Emerson and Smith, who had been attorneys for Amanda Carolina Erickson in her action to quiet the title. It was admitted on the trial of this case that neither member of the firm of Emerson and Smith ever was attorney of record for Carl Erickson, and no proof was offered to show that either of them was authorized to accept service for him. No order of the court was made approving the pretended publication service nor was there a finding that any valid service had been made of the motion to open the judgment. However, the district court sustained the motion to open up the original judgment, and in an action entitled "Carl Erickson, husband and sole heir of Amanda Carolina Erickson v. Peter Adrian Larson, Johan Constans Jonsson, Ida Matilda Nilsson, Per August Jonsson, and Karolina Peterson, and the unknown heirs of Sophia Svanbeck, deceased," the court on the 17th day of December, 1918, heard evidence and rendered a judgment finding that Carl Erickson owns but an undivided one-fifth interest in the property absolutely, and that Peter Adrian Larson owns an undivided one-tenth, and that the parties now plaintiffs in this case owned undivided interests which were determined by the court. From the judgment in the present action awarding partition, the defendant, Carl Erickson, appeals.

The proceedings to open up the judgment were void for two reasons. First, because the order was made after the death of

Amanda Carolina Erickson and without a revivor of the judgment first being had. When a party to an action dies the right of action surviving it may be revived and proceeded with against the heirs or personal representatives. The revivor, however, must be on order of the court and in the name of the representatives or successors of the deceased party, and it must thereafter proceed in favor of or against such parties. (Gen. Stat. 1915, §§ 7325-7341.) The statute also provides that before there shall be a revivor a notice of the application shall be served on the adverse party in the same manner as a summons, and that an action not revived within one year cannot be revived at all. There is the further provision that if either party die after judgment their representatives, real or personal, or both, as the case may require, may be made parties in the same manner as prescribed for reviving actions before judgment, and that in the case of a judgment, revivor must be had within two years after the death of the party. Any proceeding taken in an action or on a judgment after the death of a party, plaintiff or defendant, is a nullity unless revivor is had. (*Green, Adm'r, v. McMurtry,* 20 Kan. 189; *Halsey v. Van Vliet,* 27 Kan. 474; *K. O. & T. Rly. Co. v. Smith,* 40 Kan. 192, 19 Pac. 636; *C. K. & W. Rld. Co. v. Butts,* 55 Kan. 660, 41 Pac. 948.)

Even a proceeding for the sale of real estate on execution, if issued after the death of the plaintiff, has been held void. (*Seeley v. Johnson,* 61 Kan. 337, 59 Pac. 631; *Denny v. Ross,* 70 Kan. 720, 79 Pac. 502.) It was said that all proceedings upon a judgment which is dormant are void. Where two parties had obtained a judgment and one died, it was held that revivor was necessary before further proceedings could be taken, and that an execution issued without revivor was void. (*Newhouse v. Heilbrun,* 74 Kan. 282, 86 Pac. 145.) Even where a nominal plaintiff, who had no beneficial interest in the judgment died, it was held that the judgment became dormant. (*Updegraff v. Lucas,* 76 Kan. 456, 93 Pac. 630.) It has been held that the provision that a judgment must be revived within a year is a limitation on the right, not the remedy, and a court has no power to revive the judgment without consent. (*Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620.)

It is argued that upon the death of Mrs. Erickson her property "was thereby transferred to her husband and heir," and

that the statute applies which provides that when a party transfers his interest, the action may be continued in the name of the original party or the court may allow the transferee to be substituted in the action. (Gen. Stat. 1915, § 6929.) The statute refers to a transfer of an interest in an action by some act of one of the parties. On the death of Mrs. Erickson her property passed to her heirs by virtue of the statute of descents and distributions and not by any act of Mrs. Erickson's. It is plain that the statute relied upon has no application.

For another reason the plaintiff cannot prevail. Before a judgment can be opened the statute provides that notice must be served upon the adverse party. No notice was given as provided by the statute. Notice to the administrator of the deceased person would not be notice such as required by the statute, nor could a notice handed to the person who acted as attorney for Amanda Carolina Erickson in her lifetime constitute valid service. On the death of Mrs. Erickson the relation of attorney and client between herself and her counsel ended. The attempted service by publication on Carl Erickson could not be held to be a compliance with the provisions in the statute for notice. He was not a party to the original action in which the judgment sought to be opened was obtained. His wife brought that action against the present plaintiffs as defendants and against Peter Adrian Larson.

It follows, therefore, that the district court had no jurisdiction to make any order opening up the judgment in the original case, and that the subsequent proceedings taken in that action were void, first, because there was no revivor of the original judgment, and second, because there was no notice such as required by the statute which permits judgments to be opened up when obtained on service by publication. The judgment is reversed and the cause remanded with directions to enter judgment in favor of the defendant, Carl Erickson.