No. 23,484.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, et al., *Plaintiff*, v. THE CITIZENS LIGHT, HEAT & POWER COMPANY, *Defendant*.

#### SYLLABUS BY THE COURT.

MANDAMUS—*Gas Rates—Former Decree of Federal Court—Defendant Party Thereto—Writ Denied.* The parties having by stipulation submitted the one determining question, whether or not from the pleadings it appears that the defendant, The Citizens Light, Heat and Power Company, was a party to the proceedings in which the Federal court entered its decree on December 24, 1920, (January 17, 1921,) and an examination of the record showing that it was such party, *held*, that the writ prayed for by the plaintiff must be denied.

Original proceeding in mandamus. Opinion filed July 9, 1921. Writ denied.

*Richard J. Hopkins*, attorney-general, *A. E. Helm, William A. Smith*, both of Topeka, and *W. G. Thiele*, of Lawrence, for the plaintiff.

*J. W. Dana*, of Kansas City, Mo., for the defendant.

The State, *ex rel.*, v. Light, Heat & Power Co.

The opinion of the court was delivered by

WEST, J.: The state on relation of the attorney-general and the court of industrial relations brings this action in mandamus to compel the defendant to cease collecting a 50-cent service charge for each gas meter used by its customers. The claim is that this charge is made in addition to the legal rate of 80 cents a thousand cubic feet and that no permit to make such charge has been applied for, or granted by the public utilities commission. The defendant insists that the 80-cent rate was enjoined by the Federal court and that, hence, it has a right to put in and collect its own charge until some other rate has been established.

· The plaintiff says in its brief:

"It appears from the allegations and pleadings herein that the issue involved relates entirely to a question of fact, namely; Was the Citizens Light, Heat & Power Company a party to the proceedings in which the Federal court entered its decree on December 24, 1920?" (This date should be January 17, 1921.)

The plaintiff contends that the defendant was not a party to the supplemental proceedings in which such decree was entered. The defendant insists that it was a party to these proceedings. An answer to this question necessarily disposes of the case.

By stipulation the cause is submitted on the petition and answer. From the latter it appears that on December 10, 1915, the public utilities commission made an order fixing a 28-cent rate. This was in the case against the receiver of the Kansas Natural Gas Company and this defendant with numerous others. Afterwards John M. Landon, receiver for the Kansas Natural Gas Company, on its behalf and on behalf of all the other companies, brought an action in the United States District Court for the district of Kansas for the purpose of enjoining this 28-cent rate, and the court on June 3, 1916, issued an interlocutory decree enjoining the defendants therein, including this defendant, from putting such rate into effect. (*Landon v. Public Utilities Commission*, 234 Fed. 152.) The decree expressly enjoined the public utilities commission, the attorney-general and all the other parties to that suit. . This was case No. 136-N. On July 5, 1917, on final hearing, the Fed-

eral court issued its decree in No. 136-N permanently enjoining all the parties, including this defendant. (*Landon v. Public Utilities Commission,* 242 Fed. 658.) This decree also perpetually enjoined the public utilities commission and "all other parties to this suit, . . . or other parties hereto seeking the same relief as plaintiff." This decree expressly reserved jurisdiction "over the parties to the suit and over the other issues involved therein until further order is made in reference thereto." (p. 690.)

On August 13, 1917, the court entered a further decree enjoining the commission and their successors and all other parties to the proceedings "from interfering with the plaintiff or any of said distributing companies (which included the defendant herein) in establishing and maintaining such rates" as that court might thereafter approve. (*Landon v. Public Utilities Commission of Kansas,* 245 Fed. 950.) This decree contained this language:

"And the defendant distributing companies are permanently enjoined from enforcing the said supply contracts or rates fixed or referred to therein against plaintiff; and from interfering with plaintiff in establishing and maintaining such rates as this court has approved or may hereafter approve for consumers of natural gas in Kansas and Missouri."

On March 17, 1919, the Federal supreme court in its opinion in *Public Utilities Comm. v. Landon,* 249 U. S. 236, sustained the jurisdiction of the commission over the rates charged to consumers, but denied the right of the receiver to maintain the suit below and for reasons therein expressed ordered the bills below dismissed. On April 28, 1919, on petition for rehearing and intervening applications of distributing companies, the court modified this decree and ordered the case retried on the intervening bills of the distributing companies and remanded the case to the district court "with directions to hear it anew and determine all the issues involved, including those arising on the several bills, cross bills, and answers in the nature of cross bills, . . ." On April 20 and 21, 1920, the cause came on for retrial and the court upon consideration of the amended and supplemental pleadings filed, and "all of the evidence that had been introduced on the entire gas proceeding, including that before the enlarged court, and the record before the Commission, and full case on confiscation for the Citizens Light,

Heat & Power Company;  .   .   ." on August 7, 1920, delivered its opinion (*Landon v. Court of Industrial Relations,* 269 Fed. 411) finding that "the rates authorized under the 60-cent rate order of this court, and adopted under injunctive compulsion of this court by the distributing companies in Kansas and Missouri, as well as the rates which the 60-cent rate order superseded  .  .  . , and the rates authorized under the 80-cent rate order of this court, superseding the 60-cent schedule, were all of them noncompensatory, both to the receiver and to the several distributing companies, both in Kansas and Missouri; no one of said rates affording a fair return upon the property used and useful in furnishing and distributing said gas" (pp. 421, 422), and reserved jurisdiction for the purpose of entering final decree in favor of all parties to the suit, including the defendant herein.

It further appears that before the entry of the final decree in the case the court of industrial relations entered an order on August 18, 1920, that "the rates now in effect are approved and found to be reasonable, just and fair and the application of the distributing companies for permission to alter, change or increase said rates is hereby denied." On December 24, 1920, the court entered its decree permanently enjoining the defendant herein and other distributing companies from maintaining the rates ordered by the court of industrial relations. The decree expressly covered certain named defendants and "all other parties to this suit, and all of the agents, attorneys, servants and employees of each and all of them, are permanently enjoined and prohibited from putting into force or maintaining in effect, or attempting to put in force and maintain in effect by legal proceedings or otherwise, against L. G. Treleaven, as Receiver of the Consumers Light, Heat & Power Company, The Wyandotte County Gas Company, or other parties hereto, seeking the same relief as plaintiffs," the rates complained of. The court retained jurisdiction of the cause—

"And of the parties hereto for the further administration of the estate of the Kansas Natural Gas Company and for the further purpose of a decision of and decree upon the issues raised by the supplemental pleadings of the several distributing companies filed against the Court of Industrial Relations of Kansas challenging its order dated August 18, 1920, and for the purpose of making such further orders as may be necessary for enforcing this decree and to protect the rights of the parties hereto."

On December 24, 1920, after considering the evidence heard on the entire case, the Federal court filed an opinion on such supplemental hearing in which it said:

"When closely analyzed, the controversies involved are found to be simply a new phase of one of the controversies involved from the first suit 136-N—a new phase arising subsequent to the commencement of that suit, but during the pendency thereof. In view of the foregoing facts, I am of opinion that the jurisdiction of this court has been properly invoked in the above-entitled suit. . . . My conclusion on the present applications is that that portion of the order of August 18, 1920, of the Court of Industrial Relations which denies the application of the distributing companies to increase the present rate, and fixes the present 80-cent rate as reasonable, just, and fair is unreasonable and confiscatory, and the enforcement of the same should be enjoined." (*Landon v. Court of Industrial Relations,* 269 Fed. 433, 436, 446.)

On January 17, 1921, the court filed its decree running in favor of all the distributing companies, including the defendant herein to the effect that the order of August 18, 1920, was un-- reasonable and confiscatory. This decree is in No. 136-N expressly naming The Citizens Light, Heat & Power Company as one of the defendants. This decree is that the order of the court of industrial relations of August 18, 1920, which fixed the 80-cent rate as a maximum rate "to be charged by the distributing companies to consumers and denies the applications of said distributing companies for permission to change, amend, alter or increase their rates for gas supplied to consumers, is, as respects those provisions, unreasonable, and is also confiscatory of the properties of said distributing companies used and useful in the service of the public. And said order, as respects those provisions, and those only, is set aside, and said court of industrial relations, its members, officers, and their successors in office and all other parties to this suit, be, and the same are permanently enjoined from enforcing said order as respects said provisions."

The foregoing quotations conclusively show that the Citizens Light, Heat & Power Company was a party to the proceedings in which the Federal court entered its decree on January 17, 1921.

The question by stipulation submitted for our consideration, therefore, requires an answer in favor of the defendant.

It should be observed that mandamus is not ordinarily a

proper remedy to compel a corporation to cease doing some given thing. Injunction (of which we have no original jurisdiction) would be the natural kind of action although quo warranto might under certain conditions be invoked.

The writ is denied.