No. 23,484.

THE STATE OF KANSAS, ex rel. Richard J. Hopkins, as Attorney-general, et al., *Plaintiffs*, v. THE CITIZENS LIGHT, HEAT AND POWER COMPANY, et al., *Defendants*.

No. 23,665.

JOHN L. KILWORTH, on behalf of himself and all others similarly situated, *Appellees*, v. CITIZENS LIGHT, HEAT AND POWER COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. JUDGMENT OF SUPREME COURT—*Rendered on Misapprehension of the Facts—Vacation of Judgment.* It is competent for the supreme court to vacate or modify a judgment in an original proceeding at or after the term of rendition where it appears that it was rendered under a misapprehension of the facts essential to the support of the judgment.

2. LEGALLY ESTABLISHED GAS RATES—*Authority of Utility to Change Its Rates—Added Charge for Services.* Until the rate established by the rate-making authority for the service of a public utility has been set aside by a court of competent jurisdiction, the utility has no right to promulgate a rate of its own or to make an added charge for the services rendered.

The State, *ex rel.*, v. Light, Heat and Power Co.

Appeals from Douglas district court; HUGH MEANS, judge. Opinion filed January 6, 1923. Case No. 23,484, motion to modify judgment allowed; case No. 23,665 affirmed.

*J. W. Dana*, of Kansas City, for the appellant.

*Richard J. Hopkins*, attorney-general, *Fred S. Jackson*, *W. A. Smith*, both of Topeka, and *C. C. Stewart*, of Lawrence, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: These proceedings are so closely related that they may be considered together. Both relate to the imposition of a service charge by the defendant upon its customers in the city of Lawrence in addition to the collection of an established rate for gas furnished.

The first is a motion to modify and correct the judgment rendered by this court in an original proceeding brought in the name of the state against the defendant to compel it to desist from collecting the added service charge. The result in that case depended upon whether the established rates had been enjoined by the federal court as confiscatory, in which event the defendant would have been entitled to promulgate rates of its own that would control until they were set aside or changed by the public utilities commission. The judgment in the federal court was given in an action brought by the receivers of the Kansas Natural Gas Company against the public utilities commission of Kansas, and a number of distributing companies, including the defendant, and also many municipalities, including the city of Lawrence. The federal decree as first announced bore the same title as the pleadings and named all the defendants sued, including the defendant in this action and the city of Lawrence. It contained general language to the effect that the injunction granted applied to the named defendants, and upon this state of the record this court determined that the decree applied to the defendant and the city of Lawrence, and therefore refused the relief asked by the plaintiff. (*The State, ex rel., v. Light, Heat and Power Co.*, 109 Kan. 540, 200 Pac. 283.)

It appears now that the decree actually rendered by the federal court did not affect the parties to this proceeding, but was made in a supplementary proceeding which involved a controversy between four distributing companies other than the defendant, and the court of industrial relations which has been substituted for the public utilities commission. The obscurity and error in the form of the

decree was subsequently brought to the attention of the federal court and a correction was accordingly made. In making the correction the court stated:

·"The decree of January 17, 1921, related only to controversies between the distributing companies, Atchison Railway Light & Power Company, Leavenworth Light, Heat & Power Company, L. G. Treleaven, Receiver of the Consumers Light, Heat & Power Company, The Wyandotte County Gas Company, on the one hand, and The Court of Industrial Relations of the State of Kansas on the other hand. . . . No other distributing company than the four above mentioned offered testimony or submitted its cause, asking for relief.

"However, in view of the inadvertent omission of a subtitle to the cause containing the names of the four applicant distributing companies, the general language of the decree might be held to include other distributing companies who were parties to the suit 136-N, and misapprehension might thus arise in the mind of one reading the decree, and who was not acquainted with the actual proceedings upon the hearing.

"To avoid such misapprehension, I deem it advisable to correct said decree, by adding the proper subtitle to the original title of the cause, and by making the language of the decree refer specifically to the four distributing companies whose controversies alone were involved in the hearing, in the decision, and in the decree."

It is clear from the *nunc pro tunc* entry that the decree had no application to the controversy between the defendant and the state or the city of Lawrence, and did not find or determine that the established rate for the gas furnished in the city of Lawrence was confiscatory or illegal. By reason of the terms of the original decree this court was led to the opinion that the defendant was a party to the proceeding and that the decree rendered enjoined the enforcement of the existing rate. Our judgment was based upon this mistake of fact, a fact that was essential to the judgment that we rendered. There is undoubted power in the court to correct a judgment based upon an erroneous understanding of the facts, either upon motion of a party to the case or upon its own motion. It is the duty of the court before or after the term to make its judgment conform to the real ·facts and especially those facts which are essential to uphold the judgment.

*Cooper v. Rhea*, 82 Kan. 109, 107 Pac. 799; *Caldwell v. Modern Woodmen*, 90 Kan. 175, 133 Pac. 843; *Martin v. Miller*, 97 Kan. 723, 156 Pac. 709.

The claim that the modification may not be made because of the laches of the plaintiff is without merit. It follows that the judgment

originally rendered by our court on July 9, 1921, must be set aside and the writ asked by the plaintiff allowed.

The second proceeding was brought by John L. Kilworth in behalf of himself and others similarly situated who were patrons and users of gas furnished by the defendant, to enjoin the defendant from collecting from them a service charge of fifty cents per month in addition to an authorized rate of eighty cents per 1,000 cubic feet. A restraining order against the defendant was issued at the commencement of the action in May, 1921, and on June 1, 1921, the order of injunction from which defendant appeals was rendered.

This appeal depends upon the result of the preceding case. It was contended by the defendant, as in the earlier litigation, that the decree of the federal court in effect annulled the established rate on the ground that it was confiscatory and therefore the defendant was at liberty to promulgate a rate of its own, but the trial court ruled that the federal decree had not set aside the rate and gave judgment for the plaintiffs. This as the preceding case shows was a correct conclusion. Since that decree was rendered, on March 8, 1921, the rate for Lawrence consumers came before the public utilities commission, including the question whether the defendant had the right to collect the added service charge. Defendant appeared and offered evidence in behalf of its claim, but the right claimed was denied by the commission. Until the established rate has been set aside by a court of competent jurisdiction, the defendant has no right to promulgate a rate of its own nor to exact the added service charge. The order made by this court authorizing the collection and impounding of the extra charge during the pendency of this proceeding is set aside and the order of the court is that the defendant return to its customers the amount so illegally collected and withheld from them.

The judgment of the district court is affirmed.