No. 26,301.

ALVIN P. BURRIS, *Appellee,* v. F. E. REINHARDT, W. E. CROZIER et al.,
*Appellants.*

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Modification—Mistake or Irregularity.* Where in a petition to quiet title to a number of tracts there were inserted by mistake allegations that an oil and gas lease upon one of them had been forfeited by nonpayment of rent, and judgment (by default and upon publication service) was rendered accordingly, such judgment may upon a proper showing be modified by striking out the part relating to the lease, upon application of the plaintiff under the statute permitting the modification of a judgment by proceedings begun within three years "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."

2. SAME—*Modification—Necessity of Existence of Defense.* In a case where a judgment was modified in the manner indicated in the foregoing paragraph, it is held that there was a substantial compliance with the provision of the statute that before a judgment is vacated the existence of a cause of action or defense on the part of the applicant must be adjudged.

3. SAME—*Modification—Notice.* The requirement that notice of an application for the modification of a judgment shall be given to the adverse party is met by giving notice to one to whom the original adverse party has transferred his interest.

4. SAME—*Modification—Revivor After Death of Plaintiff.* It is held that the proceedings accompanying the modification of a judgment after the death of the plaintiff included an informal but effective revivor in the name of the executors.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed January 9, 1926. Affirmed.

*James W. Finley, James A. Allen* and *B. M. Dunham,* all of Chanute, for the appellants.

*S. F. Wicker, Gordon A. Badger, T. C. Forbes,* all of Eureka, and *Fred S. Jackson,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Alvin P. Burris began an action to quiet title to three tracts of land against several defendants, including F. E. Reinhardt and three others, who were the owners of an oil and gas lease on one

Judgments, 34 C. J. pp. 232 n. 85, 247 n. 4, 251 n. 49, 659 n. 19, 666 n. 57, 680 n. 90; L. R. A. 1917C, 1194; 15 R. C. L. 709.

of the tracts.  The petition alleged that the lease had expired because of the nonpayment of rent.  On October 9, 1922, judgment was rendered by default and upon publication service against these defendants with the others, quieting the plaintiff's title.  The plaintiff died testate February 24, 1924.  M. E. Holmes and J. D. Steward duly qualified as executors and trustees under the will.  On October 6, 1924, they filed a motion to have the judgment set aside so far as it quieted title against Reinhardt and his associates with respect to such lease, on the ground that this matter had been included in the suit by inadvertence—through a mistake of fact on the part of the attorneys as to the matters intended by Burris to be covered.  The application was granted, and an order was made accordingly on October 13, 1924.  This appeal is taken from that order in the name of Reinhardt and his associates, whose interests, however, had passed by assignment to the Peerless Oil & Refining Company before the rendition of the decree quieting title.

1. The alteration in the judgment was made under the statute authorizing a judgment to be vacated or modified, by proceedings begun within three years of its rendition, "For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order."  (R. S. 60-3007, subdiv. 3; R. S. 60-3008.)  The ground of the change was that the allegations regarding the Reinhardt lease were included in the petition by mistake—that the plaintiff by reason of defective eyesight was unable to read the documents he gave to his attorneys as a basis for the suit, and as a consequence they were given to understand that a decree freeing the land from this lease was sought, because it had been forfeited for nonpayment of rent, while in fact the payments had been regularly made and continued to be made until June, 1924, nearly two years after the judgment.  The appellants contend that an error of this character is not to be remedied by the method provided in the part of the statute quoted.  It has been held, however, that the word "irregularity" as there used does not apply merely to acts of the clerk or other ministerial officers, but "must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts."  (*Cooper v. Rhea,* 82 Kan. 109, 111, 107 Pac. 799; see, also, *Bank v. Ross, Ex'x,* 90 Kan. 423, 133 Pac. 538; *State, ex rel., v. Light, Heat and Power Co.,* 112 Kan. 482, 212 Pac. 86.)  Here the judge acted upon a mistaken view of the facts, for while he knew the contents of the petition he of course did not know that a

part of them had been placed there inadvertently. The situation is much the same as though land intended to be affected had by a clerical error been wrongly described. We think the situation is one to which the statute acted upon applies, and that the vacation of the part of the judgment relating to the lease in question was warranted, so far as this phase of the matter is concerned.

2. Another objection made to the validity of the change is that there was no compliance with the clause of the statute reading: "A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action." (R. S. 60-3013.) The language quoted manifestly is adapted to cases where a party seeks to have a judgment against him vacated, and its purpose is to avoid the useless setting aside of a judgment where such course could accomplish nothing more than the opportunity for the rendition of another of like effect. Here the plaintiff seeks the vacation of a judgment in his favor which ought not to have been rendered. If, however, the statute is regarded as applying, it is substantially complied with, for in deciding that the lease in question should be withdrawn from the operation of the judgment the court necessarily in effect adjudged that the decree as it stood was wrong and that as changed it was in accordance with the facts. (*Moore v. Zeman,* 109 Kan. 566, 200 Pac. 270.)

3. The appellants also make the point that notice of the motion to modify the judgment was not given to the original defendants, but only to the Peerless Oil & Refining Company, their assignee. The company was the real party in interest in the matter. The situation is similar to that presented where the purchaser of land after a decree quieting title, founded on publication service, is allowed to have it opened on his application. (*Leslie v. Gibson,* 80 Kan. 504, 103 Pac. 115; see, also, *Coffey v. Carter,* 47 Kan. 22, 27 Pac. 128.) The law does not require the name of the assignee of the rights of a party to litigation to be substituted for that of an assignor who is still alive. (R. S. 60-415.)

4. No formal order of revivor was made substituting the executors as parties after the death of the original plaintiff. The death of a party does not render ineffective a self-operative judgment, such as one quieting title, which requires no execution or other process for its enforcement. The function of such a judgment is to es-

tablish or determine a status, and its force as an adjudication binding upon the parties and their successors is not affected by the death of any of them. (15 R. C. L. 832; *Douglass v. Loftus, Adm'x,* 85 Kan. 720, 732, 119 Pac. 74.) But where further proceedings are to be had, such as the hearing of an application for a modification of the judgment, the case assumes the aspect of a pending action, parties plaintiff and defendant must be in existence, and a revivor is necessary. (*Jonsson v. Erickson,* 108 Kan. 580, 196 Pac. 435.) We regard the action taken by the court as amounting to an informal but effective revivor or substitution of new parties plaintiff. The motion for a modification of the judgment included allegations that the executors and trustees under the will of Burris were his successors and entitled to his rights under the judgment and all matters relating thereto and that "said action and said judgment and decree should be revived in their name for the purposes of this application and all other proceedings which may be had in said cause." The notice served upon the Peerless company included a full copy of the motion. The court expressly found that the allegations of the application were true and that the executors were entitled to have it sustained. This was followed by the order modifying the judgment. The proceeding amounted to a virtual revivor in the name of the new plaintiffs. The executors were themselves the applicants and were given recognition as the parties in interest. The situation is quite different from that presented in *Jonsson v. Erickson,* supra, where the defendants undertook to have a judgment opened after the death of the plaintiff without making the successor in interest a party. Moreover, as the original plaintiff died February 24, 1924, and two years are allowed for a revivor upon the death of a party after judgment (*Harvey v. Wasson,* 91 Kan. 70, 136 Pac. 919), there is still time for a formal substitution of the executors, which, however, we consider unnecessary.

The order modifying the judgment is affirmed.