No. 27,615.

In re Appeal in the Estate of Susan A. Day, Deceased; EDITH ROWE SEELEY et al., *Appellants* and *Cross Appellees*, v. ETTA M. ROSE et al., *Appellees* and *Cross Appellants*.

No. 27,617.

EDITH ROWE WEICHOLD, a Minor, by her Guardian and Next Friend, WILLIAM WEICHOLD, *Appellant* and *Cross Appellee*, v. HARLAN DAY et al., *Defendants;* ETTA M. ROSE et al., *Appellees* and *Cross Appellants*.

(281 Pac. 865.)

Opinion filed November 9, 1929.

*Frank M. Sheridan, Bernard L. Sheridan, B. T. Riley,* all of Paola, and *T. A. Moxcey,* of Atchison, for the appellants.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl Johnson,* all of Topeka, and *Charles T. Meuser,* of Paola, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case was brought to cancel the will executed in 1919 by Susan A. Day, now deceased, and also involved the partition of real estate left by the deceased. , The trial court determined that the will was void and decided that certain persons were the grandchildren of Susan A. Day, through the lineage of their mother, a daughter of Susan A. Day. A motion to proceed with the partition of the property was made, which is still pending. An appeal was taken from the judgment then rendered, which resulted in its affirmance. (*Weichold v. Day,* 118 Kan. 598, 236 Pac. 649.) In the meantime a petition for a new trial of the action was duly filed, setting up that since the judgment the petitioner had learned that Susan A. Day had made a former will in December, 1903, a copy of which was set forth; that it had been filed in the probate court and has since been probated; that no judgment had been rendered against certain minor heirs; that the petitioners had no knowledge of the appointment of a guardian *ad litem* of the minors, and they asked that the judgment be set aside and a new trial granted on new pleadings, which they asked leave to file. Testimony for both sides was taken on the petition for a new trial, and on January 1, 1929, the court sustained the petition, set aside the judgment so as to permit a new trial upon the question of the ownership of the land. Five days were granted to the petitioners to file amended and supplemental pleadings. In a memorandum opinion the court stated his findings, which led him to grant the new trial, saying, among other things, that the validity of the will of 1919, and as to who are the heirs of Susan A. Day, had been tried and finally determined and need not be retried; that the real estate involved in the action was still in the hands of the court and the case was still pending so far as the partition of the property is concerned. In holding that the petitioners were entitled to a new trial on the single issue of who are the owners of the real estate, it was said:

"Since the decision in the supreme court a will has been produced and admitted to probate which appears to have been on file in the probate court since the time of its execution in 1903. It also appears that the guardian *ad litem* learned of the existence of this will, or that some papers indorsed with the name of Susan A. Day were on file there, at or soon after the close of the trial. It is needless to say that if he had knowledge of the existence of documents that might affect the interest of the minors, it was his duty to investi-

gate and bring the same to the attention of the court, and if a conflict developed in the interest of the minors, and others represented by him, it would be his duty to resign one or the other. It is apparent that the interests of the minors have not been fully protected in the judgment in the case. . . . As the matter stands the court made some findings that in all probability would not have been made had the court had full knowledge of the facts. Also, the inference is strong that some of the attorneys knew of the existence and terms of the earlier will and withheld that knowledge. . . . There is no occasion to retry the validity of the will of 1919 or who are the heirs of Susan A. Day, these issues have been tried and determined. I think the petitioners are entitled to a new trial on the issue of who are the owners of the real estate."

A motion was filed by the parties resisting the petition and asking for a new trial of the petition, stating many grounds, including erroneous rulings of the court, abuse of its discretion; that the order was made under the influence of passion and prejudice; that the evidence did not warrant the order that was made; and that they were not afforded a reasonable opportunity to present their evidence; and that there was newly discovered material evidence which they could not with reasonable diligence have discovered and produced. This motion was taken up, considered and overruled by the court on January 8, 1927, and from the ruling an appeal was taken to the supreme court, and by reason of the appeal a stay of execution of the judgment was granted. On January 10, 1927, there was a change in the personnel of the court. Judge J. O. Rankin, whose term of office had expired, retired and Judge G. A. Roberds, who had been elected as his successor, entered upon the discharge of the duties of district judge. On January 26, 1927, a motion was made for a reconsideration of the motion decided on January 8, 1927, alleging that the movers did not have a fair trial by the court of the motion decided by Judge Rankin on refusing the new trial of the petition for a new trial, alleging bias and prejudice of that judge, and also that undue influence was exerted by adverse parties and their representatives on Judge Rankin, but for which the motion must have been sustained. Another ground for reconsideration of the ruling was that they were not given a reasonable time in which to prepare for the hearing of the motion decided by Judge Rankin, and if given a reasonable time they could have presented newly discovered evidence which would necessarily have resulted in sustaining their motion. This motion for a reconsideration came on before the court, Judge Roberds sitting, on January 31, 1927. Evidence and arguments were submitted to the court, which took it under advisement until February 5, 1927, when the court found

and decided that Judge Rankin was not influenced by bias or prejudice in overruling the motions on January 8, 1927, and that no undue influence had been exerted by the attorneys of the successful parties which influenced or affected the ruling of the court denying the motion for a new trial of the proceeding had on the petition for a new trial. However, the court concluded and ordered that the motion should be sustained on grounds set up other than those charging bias or prejudice of Judge Rankin or that there was corruption by the prevailing parties, to wit, that sufficient time was not given the losing parties to prepare for the hearing or to present available newly discovered evidence which they could have presented if reasonable time and opportunity had been afforded them. The plaintiffs appeal from the denial of some of the grounds of their motion, and the defendants appeal from the order sustaining the motion for a new trial of the order made by Judge Rankin on January 8, 1927.

The principal matter open for our consideration on this appeal is the order made on the reconsideration of a motion for a new trial which Judge Rankin had refused when he was presiding. The argument has taken wide range, covering many questions on the merits of the action, including the validity and force of the former will of Susan A. Day, but these are questions for consideration if it be finally determined that the new trial ordered by Judge Rankin should be had. He had overruled the motion for a new trial of that proceeding, and the later order made by Judge Roberds when he was presiding granted a new trial of the proceeding had on the petition for a new trial. The last motion of plaintiffs for reconsideration of the ruling is substantially a renewal of plaintiff's motion to grant a new trial of the proceeding. The new trial was granted by Judge Rankin on what appears to be plausible grounds for the protection of minor heirs and which included the withholding of information from the court as to the will of 1903, which had been on file for a long time in the probate court, and which has since been probated in that court. It would seem that the validity and effect of the will of 1903 and the rights of the minors in the land under the will cannot well be determined except in a retrial of the main action, and should not be decided on a motion for a new trial. However, the movers for a new trial had alleged grounds sufficient to challenge the attention of the court. They had stated, among other things, that there had been bias and prejudice in granting the peti-

tion for a new trial, and also undue influence exerted by the prevailing parties upon the judge. That motion was considered and overruled and when Judge Roberds succeeded to the office the motion to reconsider that ruling was filed and presented. That was in effect a renewal of the motion and an application for a rehearing of it, rather than an independent proceeding. It is argued that the court presided over by the successor of Judge Rankin was without authority to rehear and reconsider the order refusing a new trial, but if grounds for a rehearing existed a change in the personnel of the court did not bar a reconsideration of the decision. The continued existence and identity of the court was not affected by a change of judges. The court does not resign or die and does not become defunct by the absence or change of its functionaries. The incoming judge had power to take up and dispose of unfinished business as fully as his predecessor could have done if there had been no change of judges. Judge Rankin, if his term had not expired, could have taken up the renewal motion, and if a controlling fact or principle of law was brought to his attention he had the power to modify his order. (*State, ex rel., v. Langmade,* 101 Kan. 814, 168 Pac. 847.) His successor had the same power and, although rarely done, a motion to reconsider and correct an order may be entertained and corrected if grounds therefor are shown and the action is taken within the term. It may be noted that the renewal motion was considered and determined within the term at which the earlier order was made. The principal reasons advanced for reconsideration, that is, the bias and prejudice of the former judge, and the misconduct or corruption of the prevailing parties, were found to be groundless, but the court decided that the order refusing plaintiff's motion should be set aside on other grounds that had been assigned. These grounds, as we have seen, were that the plaintiffs did not have a reasonable time to prepare for a trial of their motion, nor a reasonable time under the circumstances to prepare and present newly discovered evidence which they alleged they could and would have obtained if time had been afforded. Under the evidence we cannot say that these grounds are without·merit, or rather that the court in its discretion could not upon the showing made grant a new trial of the motion decided by Judge Rankin on January 8, 1927. As the cause stands, the ruling of Judge Roberds left the petition for a new trial still pending and undisposed of. The ruling on the last motion carries the case back to the petition for a new

trial. The fact that an appeal was taken from the ruling of January 8, 1927, for a new trial did not preclude the renewal and reconsideration of the motion made afterwards within the same term.

The judgment is affirmed.