No. 32,204

EDITH ROWE WEICHOLD, by Her Guardian and Next Friend, WILLIAM WEICHOLD, *Appellee,* v. HARLAN DAY and EDWIN GENTHE, *Appellees;* ETTA M. ROSE, JOHN ROSE, ALTON ROSE and VICTOR ROSE, Minors, etc., *Appellants.*

(61 P. 2d 1328)

Opinion filed November 7, 1936.

*J. O. Rankin* and *Karl V. Shawver,* both of Paola, for the appellants.

*Frank M. Sheridan, Bernard L. Sheridan* and *L. Perry Bishop,* all of Paola, for appellees Edith Weichold and Harlan Day; *B. T. Riley,* of Paola, for appellee Edwin Genthe.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case was taken by some of the defendants from the ruling of the trial court in sustaining a demurrer to the evidence offered by such defendants in support of their petition for a new trial.

The case has been in this court twice before. It was an action commenced in 1921 by a minor granddaughter of Mrs. Day by her next friend, to set aside a will made by Mrs. Day two days prior to her death on May 12, 1919, and to adjudge the decedent to have died intestate and to partition the property. After a hearing before the trial court findings of fact and conclusions of law were made and judgment was rendered June 30, 1923, setting aside the will of 1919, decreeing Mrs. Day to have died intestate and directing that the property be distributed among the heirs as an intestate estate, the plaintiff and her brother each to receive one sixth of the estate,

their mother Stella, a daughter of Mrs. Day, being deceased, and Etta, the other daughter, and Harlan, the son, each one third. The brother of the plaintiff and the three sons of the daughter Etta were made parties defendant, and the court appointed for each of them a guardian *ad litem*.

A motion for new trial was promptly filed by such defendants and was overruled by the court. Appeal was taken by the defendants to this court and proceedings in this court were suspended and supersedeas bond was given while the matter was being heard in the trial court on a motion to reconsider the ruling on the motion for new trial, and such motion was overruled by the trial court on October 6, 1924. This court, on June 6, 1925, affirmed the judgment of the trial court and its rulings on the motion for new trial. (*Weichold v. Day*, 118 Kan. 598, 236 Pac. 649.)

On August 7, 1925, the will of Mrs. Day, executed December 3, 1903, was offered for probate and was admitted to probate on April 21, 1926, it having been on file in the office of the probate judge of Miami county, the resident county of the decedent, since the day it was executed. On August 7, 1925, the same day the will of 1903 was filed for probate, the defendants filed in this same case in the district court their petition for a new trial, referring to the final judgment rendered therein on the —— day of October, 1924, and also referring therein to the judgment rendered ordering the land owned by Mrs. Day to be partitioned as being that of an intestate estate and alleging that the defendants, consisting of the daughter Etta and her three sons, two of whom were minors, did not know of the existence of said will of 1903 in time to present it in their behalf before judgment in the action. Motions were filed to make the petition more definite and certain, which were overruled, and on January 1, 1927, the court sustained the petition for new trial and set aside the judgment heretofore rendered so as to permit a new trial upon the question of the ownership of the land. A motion for new trial was heard on this ruling and overruled January 8, 1927. An appeal was immediately taken by plaintiff to this court, supersedeas bond was given and stay of execution was ordered January 10, 1927. On January 26, 1927, a motion was filed for reconsideration of the motion for new trial and it was later allowed, from which ruling the defendants appealed to this court in the same action, by way of cross appeal, on the 16th of April, 1928. The matter was heard in this court on the latter proposition and the judgment of the

lower court was affirmed November 9, 1929, which granted a new trial on the matter of the petition for a new trial. This decision is reported in the case of *In re Day*, 129 Kan. 14, 281 Pac. 865, and some parts of it are so pertinent and decisive of some of the matters herein urged on this subsequent appeal that the following portions of the opinion in that case will be helpful in reaching a conclusion of the matter before us.

"The new trial was granted by Judge Rankin on what appears to be plausible grounds for the protection of minor heirs and which included the withholding of information from the court as to the will of 1903, which had been on file for a long time in the probate court, and which has since been probated in that court. It would seem that the validity and effect of the will of 1903 and the rights of the minors in the land under the will cannot well be determined except in a retrial of the main action, and should not be decided on a motion for a new trial.

"As the cause stands, the ruling of Judge Roberds left the petition for a new trial still pending and undisposed of. The ruling on the last motion carries the case back to the petition for a new trial." (pp. 17, 18.)

Nothing seems to have been done in this case after its return from this court with directions to hear the petition for new trial until June 25, 1932, when a motion was filed to make the petition for new trial more definite and certain. Said motion was sustained on July 14, 1932, and the petition was amended in a few particulars on July 29, 1932, and on December 3, 1932, other motions were filed to make the amended petition more definite and certain and they were later sustained, and a further amendment was filed on March 14, 1933.

The only material amendments made in the first amended petition were to give the book and page in which the journal entry of the ruling on the motion for new trial was recorded and to add the sixth and seventh paragraphs concerning new matter, the former referring to the will of 1903 having been written by one of the attorneys for plaintiff, and the latter concerning the unusual length of time that this matter has been pending in the courts of Miami county. The further amendment made at the later date was also concerning the attorney who wrote the will of 1903. On July 18, 1933, answers were filed by the plaintiff and two other defendants.

On August 28, 1933, trial was commenced on the petition for new trial. Evidence was introduced by the defendants consisting mainly of a copy of the will of 1903 and the affidavits of the witnesses thereto, the order of the probate court admitting the same to probate, the statement on the envelope containing the will while it was

in the office of the probate judge from the 3d of December, 1903, until probated, some other exhibits with reference to appointment of guardian *ad litem,* appointment of receiver, application for appointment of commissioner and oral testimony by defendants, particularly as to their lack of knowledge of the existence of the will of 1903 and as to the death of one of the beneficiaries named in that will. The plaintiff and two defendants filed a demurrer to the evidence offered by the defendant petitioners to the effect that the evidence did not prove any cause of action under the petition for new trial and amendments thereto, and that the petitioners have failed to use any diligence to discover any other will or to protect their rights under it after they had discovered it, which demurrer was sustained by the trial court, from which ruling an appeal was taken by the defendant petitioners to this court.

One of the points strongly urged by the appellees in this present hearing is that the original petition for a new trial filed August 7, 1925, was limited to a request for a new trial of the order overruling the motion for a new trial on October 6, 1924, because the petitioners name the ruling made on the —— day of October, 1924, as the judgment which was finally approved on that day. The second paragraph of the petition is as follows, omitting the description of the land and the names of the defendants:

"That on the —— day of October, 1924, a final judgment was rendered in the above-entitled action, by the terms of which judgment the court decreed that the following described lands and real estate situated in Miami county, Kansas, to wit: . . . be partitioned between the defendants . . . and that apportionment be had among the heirs of certain rents from said lands as provided by said judgment, which said judgment was finally approved by this court on the —— day of October, 1924, and said judgment at said time became a final judgment in said action."

The motion for new trial would not have anything to do with partitioning land among parties in the case, and of course the petition for a new trial referred to the judgment wherein the land was in fact partitioned, which was rendered on June 30, 1923. The evident theory of the framers of the petition was that on October ——, 1924, the judgment was finally approved, not that it was rendered at that time, and if the petition should be sustained a new trial of the action pending would be allowed. This same matter was argued in the second appeal in this case and was undoubtedly understood as referring to the judgment of June 30, 1923, as was stated in the part of the opinion above quoted as to a "retrial of the main action,"

although the affirming of the ruling of the trial court on a motion for a new trial "carries the case back to the petition for a new trial."

We have no hesitancy, therefore, in holding that the petition for a new trial had reference to the judgment which was actually rendered and referred to in the petition as being finally approved in October, 1924. When we take this position we are met with the strong argument in this appeal, as in the former one, that the petition, being under R. S. 60-3007 *et seq.*, is barred by the statute of limitations. Although this proposition was not specifically discussed in the former opinion (129 Kan. 14, 281 Pac. 865), there is the definite mention of "the rights of the minors in the land under the will" being determined in a retrial of the main action. R. S. 60-3008 states positively that these time limitations in three of the subdivisions of R. S. 60-3007 do not apply to infants. So we cannot apply such limitation to the defendant minors in this action.

It is further argued that where a guardian *ad litem* is conducting the case for minors they are equally liable to such rules and regulations as adults. A Kansas case cited and earnestly urged along this line is *Huls v. Gafford Lumber & Grain Co.*, 120 Kan. 209, 243 Pac. 306, but there the action of the guardian *ad litem* which was binding was in bringing an independent action, and it was there held:

". . . judgment could only be corrected by appropriate supplemental proceedings in that case—by a motion for a new trial, or by a petition for a new trial, or by an appeal . . ." (Syl. ¶ 1.)

It is insisted that because the guardian *ad litem* did not bring to the attention of the trial court at the time of the trial the existence of the will of 1903 and have its validity tested out at that time to prevent the rendering of the judgment in partition, the minors, as well as the other petitioners, are estopped to do so later. We know of no rule that requires any defendants in a case like this to be at one time proponents of all the wills in existence any more than for the plaintiff to be required to contest all of them at the same time. The proceeding adopted by the attorneys on both sides in this case in giving their attention to the last will first is the usual and general method pursued, because if the last will proved to be valid it would in itself dispose of all former wills.

It is said that because the will of 1903 was on file in the office of the probate court of the resident county of the deceased under R. S. 22-204 it was notice to the defendant petitioners and that time should bar them. Aside from the question of minors being involved,

this was held not to be the necessary rule in *Allen v. Allen,* 28 Kan. 18, where a joint will was so deposited for a term of nine years after the death of the testator, and in the opinion reference is made to section 30, chapter 117, Compiled Laws of 1879, which now appears as R. S. 22-233 and is as follows:

"No lands, tenements or hereditaments shall pass to any devisee in a will who shall know of the existence thereof, and have the same in his power and control for the term of three years, unless within that time he shall cause the same to be offered for or admitted to probate; and by such neglect the estate devised to such devisee shall descend to the heirs of the testator."

It was held in that case that the will being thus deposited did not put it in the control of the beneficiaries thereunder.

The petition for new trial in the case at bar was based mainly upon newly discovered evidence, viz., the existence of the will of 1903, but it also alleged that the judgment rendered was prejudicial to their substantial rights and that it was not a judgment of any character against some of the defendants, some of whom were minors. Subdivision 3 of R. S. 60-3007 authorizes a vacation or modification of a judgment for "mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order," and R. S. 60-3008 allows three years for the filing of petition under this head after parties have notice of the judgment. The petition in this case was filed in less than three years from June 30, 1923, the date on which the judgment of partition was rendered based upon the finding of intestacy. This finding and judgment were certainly irregularities under subdivision 3 of R. S. 60-3007. It was held in *Burris v. Reinhardt,* 120 Kan. 32, 242 Pac. 143, that—

"It has been held, however, that the word 'irregularity' as there used does not apply merely to acts of the clerk or other ministerial officers, but 'must be given a broad enough meaning to cover a case where the court has acted upon an erroneous understanding of the facts.' (*Cooper v. Rhea,* 82 Kan. 109, 111, 107 Pac. 799; see, also, *Bank v. Ross, Ex'x,* 90 Kan. 423, 133 Pac. 538; *State, ex rel., v. Light, Heat and Power Co.,* 112 Kan. 482, 212 Pac. 86.) Here the judge acted upon a mistaken view of the facts, for while he knew the contents of the petition he of course did not know that a part of them had been placed there inadvertently." (p. 33.)

The trial court in the case at bar found that the instrument executed by the deceased in 1919, two days before her death, was not properly executed to comply with the requirements of the statute and therefore it was not a will, and further found that the deceased died intestate. R. S. 22-201 recognizes as wills only last wills and

testaments lawfully executed. Therefore the instrument of 1919 was not a will under our definition of it; neither did it, although its terms so provided, revoke or destroy the effect of a prior will that may have been properly executed. R. S. 22-241 provides that "a will shall be revoked . . . by some other will or codicil in writing executed as prescribed by this act, or by some other writing signed, attested and subscribed in the manner provided by this act for the making of a will."

The judgment of the trial court, rendered on June 30, 1923, held that this instrument of 1919 was not properly witnessed and therefore not a will. Motions were made for new trial and an appeal was taken to this court and that judgment was affirmed. That was the end of the instrument of 1919 as a testamentary one. No one could longer claim to be a beneficiary under it because it was not a last will and testament. Therefore, it not being a will duly executed, it did not revoke the earlier will under R. S. 22-242.

But did the decedent die intestate as the court found? 33 C. J. 477 defines an intestate as "a person who dies without leaving a will." It is said in 23 C. J. 1031 that—

"A grant of such administration necessarily involves, and is based upon, a finding or adjudication of intestacy, but such a determination does not preclude any party in interest from subsequently instituting proceedings to establish a will." (See, also, 11 R. C. L. 87.)

It is said in 51 A. L. R. 673 that—

"An instrument not executed according to the formalities of the statutes governing the execution of wills, and for that reason not entitled to probate, . does not impliedly revoke an earlier will, though wholly inconsistent with it."

This whole matter is ably discussed in *Derr v. Derr*, 123 Kan. 681, 256 Pac. 800, but under circumstances quite different from this in that there were three instruments which were there under consideration and the attempt of the third was to revoke the second. It was also fully discussed in the case of *Hill v. Kennedy*, 134 Kan. 560, 7 P. 2d 88, where the question was whether the will admitted to probate had been revoked by a subsequent will which had been destroyed, and the court held that the subsequent instrument was not such a will as would defeat the earlier one. (See, also, *Caeman v. Van Harke*, 33 Kan. 333, 6 Pac. 620.)

As long as the instrument of 1919 was held to be a last will and testament, as it was in the probate court, the instrument of 1903 was not a last will and testament, but when a court of competent jurisdiction held, as did the trial court on June 30, 1923, that the in-

strument of 1919 was not properly executed, and that judgment was affirmed by this court, the attempted revocation contained in that instrument of former wills was of no effect under R. S. 22-241, as above quoted, and it left the instrument of 1903 apparently as the last will and testament and the only will of the deceased. Therefore, she was not an intestate, as found by the trial court, nor her estate subject to partition unless and until such instrument might be held to be for some reason invalid. No court would hold a deceased person to have died intestate if its attention had been brought to the existence of a will the validity of which had not been questioned. In addition the petition for new trial states that the will has been filed in the probate court for probation, and it was later probated. This is in harmony with the usual practice that when a purported last will and testament has been held to be not properly executed or an ineffective will for other reasons, then the earlier will becomes a last will and testament ready for action of the probate court as to its proper execution and validity in order to be probated, so any and all the steps taken by the district court aside from the finding and holding of the invalidity of the 1919 instrument as a will were irregular and the judgment of intestacy and partition was contrary to the information set out in the petition for new trial.

This appeal is from the ruling of the trial court on the demurrer of the plaintiff and some defendants to the evidence of the defendant petitioners. The evidence introduced as to the probating of the will of 1903, including the affidavits of those signing the instrument, was sufficient in itself, in connection with the facts just mentioned as to irregularities under subdivision 3 of R. S. 60-3007, the testimony as to newly discovered evidence, and the fact that two of the petitioners were minors, to sustain the petition for new trial and to justify the court in overruling the demurrer, and such evidence would be sufficient to determine the matter involved unless evidence to the contrary might be introduced later by the plaintiff and others. We are here considering a demurrer to the defendant petitioners' evidence only, which demurrer should have been overruled.

The abstracts and briefs contain severe criticisms of judges, attorneys and others, to which we have given no consideration whatever, as the issues involved do not require any consideration thereof.

A motion has been recently filed to dismiss the appeal so far as made by one of the defendants. This motion is overruled.

The judgment is reversed and the cause is remanded with directions to overrule the demurrer to the evidence and to proceed with a trial of the petition for new trial, and in so directing we cannot use better or more appropriate language to express the real situation than that used about seven years ago by Chief Justice Johnston in this case when it was last 'here, which language is quoted earlier in this decision.