WheeleR, J.
It is true that, under the practice which obtains in most of *107 the common-law courts of this country, it is within the discretion of the eourt to reinstate a ease after the plaintiff has voluntarily suffered a nonsuit; and if the court refuse the application, its judgment will not be subject to revision. This, however, is but a rule of practice; and in the case of Ilolderman v. Craft, the Supreme Court of the Republic adopted a different rule, as being more convenient in practice, which has been recognized by this court. (3 Tex. R., 226.) The rule thus recognized is, that when the plaintiff is surprised by the rejection of his evidence, he shall not be compelled to proceed with the trial, but may take a nonsuit, and may then move to set aside the nonsuit and reinstate the case; and if the evidence was erroneously rejected, and the court refuse to reinstate, its judgments will be revised on appeal or writ ■of error.
Note 28. — Austin v. Townes, 10 T., 24; Peck v. Moody, 33 T., 84; Peck v. McKellav, 33 T., 234. When the plaintiff is forced to dismiss by a ruling of the court that is nQt erroneous, a motion to reinstate is addressed to the discretion of the court, and its refusal is not error. (Osborne-v. Scott, 13 T., 59.)
*107 The objection to the admissibility of the deed in question is founded on the supposition that the legal title to the land conveyed by it did not vest in the heirs, and that this action can be maintained only by him in whom is the legal title.
The objection cannot be maintained. The title vested in the administrator, ■only sub modo, and for the purpose of the administration. 1-Ie took only temporarily, for the benefit of creditors, if any, and the heirs. His right determined with the period of his administration. Because the administrator may sun, it ■does not therefore follow that the heirs may not also sue, either jointly with the administrator or without joining him, where their interests require it, and there are no creditors whose right would be thereby affected.
But if the heirs may not sue previously, they certainly may do so, for whatever remains of the estate, after it has been fully administered and its liabilities to creditors extinguished. Such, it is to be presumed, was the case in this instance. The deed in question was made to Coles, as administrator, ten years before the bringing of this suit. The period of his administration was fixed by law at one year, and, in the absence of any evidence to the contrary, it will be presumed to have terminated at the end of that period. The legal presumption, therefore, is, that the administration had been long since closed, the liabilities of the estate extinguished, and the title or estate of the ancestor in the land, whatever that may have been, fully and absolutely vested in the heirs.
And, as respects the right of the heirs to maintain the action, it is not material whether their title be considered a legal or an equitable title. The law affords the same protection to the one as the other. We have repeatedly decided (hat, in respect fo personal property, the action may be maintained by the party in whom subsists the real ownership, irrespective of the question of whether his title be one of legal or equitable cognizance. And no reason is perceived why the same principle is not equally applicable to real property. We have heretofore determined that an equitable title may be interposed by a defendant to prevent a recovery in an action of trespass to try title, and we see no reason why a plaintiff may not recover upon such title. (Neill v. Keese, 5 Tex. R., 23.)
The statute to which we have been referred, (Hart. Dig., art. 3221,) which directs that the action shall be tried conformably to the principles of trial by ejectment,” could not have been intended to introduce all the incidents and consequences attached to that form of action in the common law. Its object was, not to determine upon what character of title an action may be maintained, but simply to furnish a mode of procedure to ascertain in whom the right of property resides.
We are of opinion that the conrt erred in rejecting the deed offered in evidence to show title in the plaintiffs, as heirs of Charles'Baird, and that the judgment be therefore reversed and the cause remanded for further proceedings.
Judgment reversed.
Note 29.- — Patton v. Gregory, 21 T., 513; Giddings v. Steele, 28 T., 732.
Note 30. — Miller v. Alexander, 8 T., 42; Wright v. Thompson, 14 T., 558: Scarborough v. Arrant, 25 T., 129. '