ALLISON v. GRAHAM ET AL.

1. **Attachment of Real Estate**: PRIOR PAROL AGREEMENT TO SELL: ATTACHMENT TAKES PRECEDENCE. One of the distributees of an estate was also a debtor thereto, and he agreed in parol with the administrator that the latter should sell his interest in the real estate and apply the proceeds on the debt. But, before any conveyance of the realty was made under the agreement, the real estate was attached as the property of the distributee. *Held* that the administrator had no such lien or interest as would defeat the attachment.

SATURDAY, SEPTEMBER 26.

*Appeal from Madison Circuit Court.*

THE plaintiff commenced an action against the defendant Graham, and caused an attachment to issue, which was levied on certain property belonging to Graham. J. S. McCaughan

intervened in the action, and claimed that he was the owner of, or entitled to, the attached property. The court held that the facts stated in the petition of intervention did not entitle the intervenor to the relief asked, and he appeals.

*J. S. McCaughan*, for appellant.

*J. P. Steel*, for appellee.

SEEVERS, J.—The intervenor is administrator of the estate of Wm. M. Graham, who died prior to February, 1882. The said Graham, at his death, was the owner of certain real estate. The defendant is one of his heirs at law, and is the owner of an undivided interest in the real estate. On the fourteenth day of March, 1883, the plaintiff caused such interest to be attached. The petition of intervention states that the defendant Graham was justly indebted to the estate, and that in March, 1882, the intervenor, as administrator of said estate, entered into a parol agreement with the defendant, whereby it was agreed that any and all sums due or to become due to the defendant, as distributee of the estate, should be applied on such indebtedness, and it was further agreed that the entire interest of the defendant in the estate should be turned over to the intervenor to be applied as aforesaid. It was further agreed that the intervenor should sell such interest in the real estate, and that the defendant should execute conveyances to the purchaser. That, acting under said agreement, the intervenor sold said interest of the defendant in the real estate, and that the defendant conveyed the same to the purchaser on the twenty-third day of March, 1883. Wherefore the intervenor asked that his interest in, claim to and lien upon the attached property be declared to be superior to the lien of the attachment. A demurrer to the petition of intervention was sustained.

The intervenor does not claim to have purchased the attached property, and, if he did, it is doubtful, to say the least, whether an administrator, without leave of the probate

court, can take real estate in payment of the indebtedness to the estate. What the intervenor does claim is that, under and by virtue of the parol agreement, he obtained a valid and subsisting interest in or lien on the defendant's interest in the real estate. But we are of the opinion that he obtained neither. At most, the intervenor became the agent of the defendant to sell the latter's interest in the real estate, and apply the proceeds in a certain manner. The defendant could revoke such agency at any time prior to the conveyance which it was agreed should be made to the purchaser. The title to the real estate remained in the defendant, and, when the attachment was levied, a valid lien thereon was created. It is true that it is stated that such interest was "turned over" to the intervenor. No lien was thereby created, but a mere agency to sell is all that can be legally implied. The agency related to an interest in real estate, possession was not taken, no part of the consideration was paid, and we are clearly of the opinion that the intervenor did not obtain any lien on or interest in the real estate prior to the levy of the attachment.

AFFIRMED.