ROBERT WEIR *et al* v. OLIVER BAGBY, *as Trustee, et al.*

No. 14,274.  ( 82 Pac. 585.)

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Real Estate Taken by Administrator to Satisfy Judgments.* Real estate acquired by an administrator . in obtaining satisfaction of judgments forming a part of the assets of the estate in his hands for settlement is to be treated, for purposes of administration, as personal property.

2. —————— *Rights of Heirs.* Heirs do not take title to such real estate by descent from their ancestor, nor until the probate court of proper jurisdiction has exhausted its authority over it by an order of distribution, either general or special, which is final in character.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed October 7, 1905. Affirmed.

*W. D. Isenberg, W. L. Wood,* and *J. O. Fife,* for plaintiffs in error.

*L. W. Keplinger,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The suit in the district court from which this proceeding arose was brought by the administrator of an estate for the purpose of determining adverse claims to certain real estate forming a part of the assets in his hands for administration, made by heirs of the decedent who contended that his authority over it had terminated.

In February, 1898, the administrator presented to the court of his appointment a petition for the distribution of specified funds then on hand, so far as they were susceptible of distribution, and an order to that effect was duly made. At that time expenses of administration remained unpaid. Part of the assets of the estate consisted of certain uncollected judgments, and in April, 1898, the administrator obtained leave to accept real estate in satisfaction of them. An

order to that effect was made containing the following provision:

"It further appearing to the court that it would be more convenient to make transfers if the real estate be transferred to said Bagby, as trustee rather than as administrator, it is ordered that he be allowed to take title to said real estate in his name as trustee."

The compromise was effected and a deed to the land was taken in accordance with the order, at an appraised value. In closing up the transaction expenses were incurred which it was the duty of the estate to pay. Subsequently authority was given the administrator to sell the real estate at its appraised value. This he was unable to do, and in order to protect against accruing taxes he was obliged to borrow money. Under these circumstances he asked, and on July 19, 1901, was granted, authority to sell the real estate without regard to its appraisement. While attempting to act under this authority, the heirs of the deceased and their grantees and assigns opposed him in such a manner as to render necessary a vindication of his right. Having taken the conveyance to himself as "trustee," he so designated himself in the petition which he filed in the district court.

The description of the administrator inserted in his deed for the purpose of facilitating a reduction of the property to cash did not change his duty or responsibility in respect to it, or limit his power over it. He was still the administrator of an estate, acting under the orders of a court of competent and exclusive jurisdiction. The land did not belong to the deceased, and hence it was impossible that it should descend to his heirs upon his death. Under the well-known rules of law, it stood in the place of the judgments which were exchanged for it. For all the purposes of administration it was personal property, and the administrator was accountable for it under his bond. (11 A. & E. Encycl. of L. 840, and cases there cited.)

So long as the court having jurisdiction of an estate

continues in the active exercise of authority over specific personal property belonging to it, and does not terminate the functions of the administrator with respect to such property, heirs are not at liberty to dispossess him. They must defer until a special order of distribution is made final as to the property claimed, or until a general order of distribution is made in final settlement of the estate.

In this case the defendants' claims were asserted pending the execution by the administrator of an order of court to sell. The order of distribution upon which they found their contention did not refer in any way to the judgments which belonged to the estate at the time it was made. That the court did not intend to devest the administrator of title to such judgments is indisputably shown by the subsequent order to exchange them for real estate. The real estate could not be affected by an order made prior to its acquisition, and it is not pretended that any final settlement of the estate has been made. Therefore the defendants had no right to interfere.

Some objection is made to the plaintiff's petition. As finally amended it stated a cause of action. Besides this, the case was finally submitted under a stipulation which made no attack whatever upon the sufficiency of the amended document.

The judgment of the district court is affirmed.

All the Justices concurring.