CHARLES E. GIBSON, *Appellant,* v. CHARLES M. BOYN-
TON, *Appellee.*

No. 17,824.

SYLLABUS BY THE COURT.

EJECTMENT — *Adverse Claimants—Tenant in Common—Action
for Possession.* Where one person holds a moiety of the fee
title to a tract of land and another claims the entire title
under a tax deed of record, the former is entitled to main-
tain an action to recover possession of the entire tract or of
his interest therein, depending upon the validity or the in-
validity of the tax deed, regardless of whether or not the
relation of tenants in common exists between them.

Appeal from Stanton district court. Opinion filed
June 7, 1913. Reversed.

*Thomas A. Scates,* and *Albert Watkins,* both of
Dodge City, for the appellant.

*George Getty,* of Syracuse, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by Gibson to
recover the northwest quarter of section 17 in town-
ship 27 of range 41, in Stanton county.

There is no conflict in the evidence, and it appears
therefrom that Mary J. L. Maine, by her trustee, ac-
quired the title of the patentee to the entire tract by
deed; that thereafter one John Plummer obtained a
tax deed to the land and brought action to quiet the
title, procuring service by publication against "Jere-
miah Lillibridge, Trustee for Mary J. L. Maine; Mary
J. L. Maine and —— Maine, her husband, whose real
name is unknown," and obtained a judgment quieting
the title. The trustee and Mary J. L. Maine died be-
fore the judgment was rendered. Mary J. L. Maine
left surviving her, as her heirs, her husband, whose
right had been extinguished by the judgment, and two

daughters who conveyed their interest in the land to the appellant. John Plummer conveyed his rights, acquired by the tax deed and by the judgment quieting the title, to the appellee. The tax deed obtained by Plummer is confessedly void or voidable, but it is contended, and we think correctly, that the deed was validated by the judgment as against the husband of Mary J. L. Maine as to the one-half interest in the land inherited by him from his deceased wife. The interest inherited by the daughters from their mother, however, was not affected by the judgment as they were not parties to the action. It appears, then, that the parties hereto each own a one-half interest in the land, and the appellee claims and the court held that they are tenants in common and, in effect, that one tenant in common can not maintain ejectment against the other.

In this case each party claimed full title to the land adverse to the other. The appellant contends, and cites authorities in support of his contention, that in this situation the parties are not tenants in common. However this may be, it is in evidence that appellee holds under a tax deed of record which purports to convey the entire title to the land. Section 9485 of the General Statutes of 1909 reads, in part, as follows:

"Any person putting on record any tax deed shall be deemed to have set up such a title to the land described in such deed as will enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against any person claiming under the deed, whether such person is in actual possession of the land or not."

Assuming, without deciding, that the parties are tenants in common, and conceding that usually one tenant in common can not maintain an action for possession against the other, it must be said that this statute, under the situation presented, revokes the rule. Otherwise the holder of the fee to a moiety of the title to a tract of land would be powerless to defend his rights

against one who obtained a voidable tax deed to the entire tract, and the hands of the holder of the moiety of fee title might thus be tied until the statute of limitations effectually ripened the title under the tax deed.

The judgment is reversed.