No. 23,817.

CHARLES E. GIBSON, *Appellant and Appellee*, v. CHARLES M. BOYN-
TON (LEONARD HILLIS, substituted, *Appellee and Appellant.*)

SYLLABUS BY THE COURT.

1. WILL—*Trust Estate—Term "Heirs" Construed by the Law of the Domicile.*
Where the terms of a will create a trust estate to be administered in behalf
of a beneficiary during her lifetime and that it should devolve on her heirs
at her death, the term "heirs" is to be construed by the law of the domicile,
and one who merely claims an interest by virtue of a quitclaim deed from
the husband of the dead beneficiary, in a state where the husband is not the
heir of the wife, has no title to any portion of the trust estate.

2. TRUST FUND—*Invested in Mortgage—Considered as Personal Property.* A
trust fund of money invested in a mortgage on real estate continues to be
considered as personal property, although necessity or convenience may re-
quire that the trustee accept a deed to the mortgaged property in satis-
faction of the mortgage indebtedness.

3. SAME—*Beneficiaries May Recover it from Wrongdoer.* On broad principles
of equity the beneficiaries of a trust estate may maintain an action to re-
cover it against one who wrongfully withholds it from them, notwithstand-
ing the nominal title stands in the name of the trustee, when such trustee
is dead and no successor has been appointed and when the trust itself has
become passive and is fully executed.

4. SAME—*Proper Party to Maintain Action to Recover Trust Property.* The
grantee of the beneficiaries of a passive trust has sufficient title to maintain
an action to recover the trust property against an adversary who has no
title.

5. SAME—*Transactions Between Trustee and Beneficiaries—No Extinction of
Rights of Beneficiaries.* The evidence touching payments to and offsets
against the beneficiaries of a trust examined, and held not to show extinction
of their rights, and held, also, that such payments and offsets did not serve
to clothe the trustee with beneficial ownership of the trust estate.

Appeal from Stanton district court; CHARLES E. VANCE, judge. Opinion filed
November 4, 1922. Affirmed in part and reversed in part.

*Albert Watkins,* and *Arthur C. Scates,* both of Dodge City, for the appel-
lant and appellee.

*George Getty,* of Syracuse, and *W. M. Glenn,* of Tribune, for the appellee
and appellant.

The opinion of the court was delivered by

DAWSON, J.: Action in ejectment for a quarter section of Stan-
ton county land. Judgment for plaintiff for half the property. Both
parties appeal.

Plaintiff deraigned title from the three daughters of Mary J. L. Maine, deceased. Mrs. Maine was the beneficiary of a trust fund of $1,000 bequeathed by her father to Jeremiah Lillibridge as trustee for her benefit. She was to get the semiannual income of this fund during her lifetime, and at her death the fund was to be divided between her heirs, share and share alike. This fund was invested in a mortgage on the land in controversy, and later in satisfaction thereof the patentee and mortgagor conveyed the land to Lillibridge as trustee for Mary. After the death of Mary, and after the death of the trustee, her three daughters quitclaimed their interest in the land to plaintiff.

Defendant claimed title through a quitclaim deed from the husband of Mary, and also by a tax deed and judgment to which the trial court attached no significance, and these latter features are not pressed on our attention.

The trial court's judgment that plaintiff owns a half interest in the land and defendant owns a half interest is apparently based upon the rights of these litigants by virtue of their respective quitclaim deeds. But it was shown in evidence—and as this action was in ejectment it could properly be so shown—that under the laws of Connecticut, where the will was made and the trust created, and where Mary, her father and her husband resided, the husband is not the heir of the wife, so defendant acquired nothing by the quitclaim deed from Mary's husband. This fact alone would not defeat the defendant since he held possession of the land, and it becomes necessary to note the strength of the title held by plaintiff who seeks to supplant him.

The will of Mary's father created a trust of money, personal property. That this money or part of it was loaned on real estate and the real estate later accepted by the trustee in satisfaction thereof did not alter the character of the trust. It was still to be regarded as personal property for the purposes of the trust. (*Weir v. Bagby,* 72 Kan. 67, 82 Pac. 585.) And it has been decided on broad principles of equity that where a long period of years has elapsed without assumption and discharge of official duties by an administrator of personal property, the persons on whom such personal property was bestowed by a will may maintain an action in their own behalf to recover it against one who wrongfully withholds such personalty from them. (*Campbell v. Durant,* 110 Kan. 30, 35, 202 Pac. 841.) Moreover, whether construed as real or personal property, the will

itself provided that the trust property should pass absolutely to the plaintiff's grantors on the death of their mother. It was therefore an executed trust. True, the nominal title was in Jeremiah Lillibridge, trustee for Mrs. Mary J. L. Maine; but at the time her daughters conveyed their interest to plaintiff the trust had become *dry* or *passive;* no active duties then remained to be performed by the trustee, no interest for him to guard, no rights for him to protect. Mary's daughters were then the equitable owners of the property. They have, therefore, some title to it of sufficient potency to prevail over an adversary who has none. One who has an equitable title may maintain ejectment if he pleads the facts upon which it is based (Civ. Code, § 619), or if evidence *in extenso* is received thereon without objection. (*Custer v. Royse,* 104 Kan. 339, 343, 179 Pac. 353.)

There was testimony that the trustee paid some money to one of Mary's daughters and that the son of the trustee told another that she was indebted to his father for board, clothing, etc., and "was given to understand that that was the reason that nothing was paid" to her. Giving this evidence liberal significance, it does not show renunciation or extinction of the daughters' rights, nor serve to vest beneficial title in the trustee to the exclusion of the three daughters.

It is argued that Mary's husband was one of her heirs. He would be if the matter were governed by Kansas law, but it is not; it is governed by the law of Connecticut, and under the evidence the husband is not the heir of the wife in that state. The will, the mortgage, the deed and the other competent evidence clearly established the fact of the trust and the nature of it; the evidence of payments to two of the daughters and the claims against them by the trustee and by his son are not of sufficient potency to strip them of their interest in this property; and while it is correct that "there could be no trustee for a dead beneficiary," yet the deed to Lillibridge "as trustee for Mary J. L. Maine, of Litchfield county, Connecticut," was a competent and significant item of evidence to establish the equitable ownership of Mary's daughters and of the plaintiff who claims under them. Whatever technical defects inhere in plaintiff's title the record shows he has a title; the defendant has none; this lawsuit is fourteen years old; it has been here before (89 Kan. 712, 132 Pac. 1002), and the litigation must be concluded. Any lawsuit which has been protracted for fourteen years is a *prima facie* reproach to those who have to do with the administration of justice. (*New v. Smith,* 97 Kan. 580, 155 Pac. 1080.)

The judgment awarding a half interest in the property to defendant is set aside and the trial court is directed to enter judgment for plaintiff, subject only to defendant's lien for taxes, which must be satisfied before he is dispossessed.

It is so ordered.