TREDWAY et, Admr., In Re.

Ohio Appeals, 6th Dist., Fulton Co.
No. 89. Decided Nov. 7, 1927.
First Publication of this Opinion.

Syllabus by Editorial Staff.
485. EXECUTORS AND ADMINISTRATORS—Administrator has no authority to accept conveyance of real estate in satisfaction of mortgage indebtedness and cannot properly charge himself, in account, with money expended in furtherance of transaction, nor list, as part of funds of estate, real estate so conveyed to him.
Error to Common Pleas.
Judgment affirmed.
Paxson & Canfield, Wauseon, for plaintiffs in error.
F. S. & J. M. Ham and Thos. F. Ham, Wauseon, for defendants in error.
STATEMENT OF FACTS.
H. R. Tredway and A. M. Sanford filed their first partial account as administrators of the estate of A. C. Daniels, deceased, in which they charged themselves with the following items:

April 8—H. J. Nichols, services
  Milan farm deal.............. $ 5.00
April 8—M. E. Blum, Treas., taxes
  on Mich. farm................ 138.23
Dec. 19—E. S. Davoll, 1921 tax title,
  Abstract, rec. and fees on Milan
  farm ....................... 225.00

On the back of the account and before the affidavit attached thereto, under the words "statement of Funds" appears the following:
  "W. S. and Edith Woodrow, 52
    acres of land in lieu Mtg.... $3,000.00."
Exceptions were filed to these items of account in the Court of Probate. That court overruled the exceptions. On appeal to the Court of Common Pleas the exceptions were sustained.

It appears, from the record, that the administrators held, as assets in their hands, a note for $3,500 dated April 8. 1921, payable to the order of E. S. Devoll, due five years after date, with interest at seven per cent, payable semi-annually. This note was secured by a mortgage on fifty-two acres of land in Washtanaw County, Michigan. April 26, 1924, Devoll transferred the note, endorsed in blank, to A. C. Daniels, and executed and delivered therewith an assignment of the mortgage. Daniels died in September, 1924. By deed dated March 3, 1925, the mortgagors conveyed to the administrators the premises in question, in satisfaction of the mortgage indebtedness, and, on March 10, 1925, the administrators executed to the mortgagors a written cancellation of the mortgage, which was subsequently recorded. April 8, 1925, the administrators paid to H. J. Nichols, $5.00 for services in connection with the transaction and also paid out other items as shown by the partial account. The items of receipts in the first partial account to which exceptions were taken, cover these payments and the item in question under "statement of Funds," namely "52 acres of land in lieu of Mortgage, $3,000" covers the land taken in payment of the mortgage.

OPINION OF COURT.
The following is taken, verbatim, from the opinion.
WILLIAMS, J.
One of the most important duties devolving upon an administrator of an estate is to collect the debts due the estate and where an administrator has in his hands, as part of the assets, a note secured by a mortgage upon real estate, it is his duty to collect the note and, if necessary, foreclose the mortgage, and it is wholly beyond his power and authority as personal representative of the estate to accept a conveyance of the real estate in satisfaction of the indebtedness evidenced by the note and mortgage. And if he wrongfully does so, he can not properly and legally charge himself in the account with moneys expended in connection with or in furtherance of the transaction; nor can he properly list, in his account, as a part of the funds of the estate, the real estate so wrongfully and unlawfully conveyed to him.

The judgment of the Common Pleas, in sustaining the exceptions and disallowing the items in the account excepted to, was not erroneous and the judgment will be affirmed.

(Richards and Lloyd, JJ., concur.)