No. 32,758

In the Matter of the Appeal of HARLAN DAY et al., from the Probation of the Alleged Will of SUSAN A. DAY, Deceased.

Opinion filed November 7, 1936.

*Karl V. Shawver* and *J. O. Rankin*, both of Paola, for the appellants.

*Frank M. Sheridan, Bernard L. Sheridan, L. Perry Bishop* and *B. T. Riley*, all of Paola, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is a companion case to the case of *Weichold v. Day,* ante, p. 432, 61 P. 2d 1328, just decided.

In that case the ruling was upon the demurrer to the evidence offered by the defendant petitioners in support of their petition for a new trial under R. S. 60-3007 in showing the existence of an earlier will which had been admitted to probate after the subsequent will had been held invalid. The trial court sustained a demurrer to the evidence offered, which left the findings and judgment of intestacy and partition stand and gave no effect to the earlier will. Upon appeal to this court that ruling on the demurrer to the evidence has just been reversed and the cause remanded.

This case started in the probate court August 7, 1925, where the earlier will was offered for probate, and on April 21, 1926, was admitted to probate. An appeal was taken from the probate court to the district court by the plaintiff and two of the defendants in the companion case. Both cases were ready for trial in the district court at the same time, but the companion case was tried first and the decision was rendered on the demurrer to the evidence, which rendered the earlier will ineffectual, and an appeal was taken to this court long before the trial of the appeal from the probate court probating the earlier will. When the case appealed from the probate

court was tried in the district court the trial court held, after the introduction of considerable evidence, that the matter involved, viz., the question of probating or not probating the earlier will, was *res judicata* because of the decision theretofore rendered in the companion case in sustaining the demurrer to the evidence of the defendant petitioners for a new trial. That judgment of the district court has now been reversed by this court, and consequently the question involved in this case is no longer *res judicata,* if it ever was.

Many authorities are cited as to judgments *res judicata,* but very few of them cover the question where appeals have been taken and judgments reversed. The case of *Cross v. Hodges,* 124 Kan. 672, 261 Pac. 585, states the rule as follows:

"Where the interpretation of a will was properly drawn in question, the judgment of a district court of competent jurisdiction, whether correct or not, is a finality—where all parties concerned in the will and in the judgment were properly impleaded, and where no appeal was taken from that judgment within the time allowed therefor by the code of civil procedure." (Syl. ¶ 2.)

The ruling in the case at bar, that the question involved was *res judicata,* is now ineffectual, as the decision referred to in the companion case is reversed, and no such judgment as there referred to now remains.

The ruling is reversed and the cause is remanded with instructions to set aside such decision and proceed with the matters involved in the appeal from the probate court. The motion to dismiss the appeal taken by one of the appellants is overruled.