No. 33,655

EDITH ROWE WEICHOLD, by Her Guardian and Next Friend, WILLIAM WEICHOLD, *Appellee*, v. HARLAN DAY and EDWIN GENTHE, *Appellees;* ETTA M. ROSE, JOHN ROSE, ALTON ROSE and VICTOR ROSE, Minors, etc., et al., *Appellants*.

(76 P. 2d 784)

Opinion filed March 5, 1938.

*Karl V. Shawver* and *J. O. Rankin,* both of Paola, for the appellants.

*Bernard L. Sheridan, Frank M. Sheridan, L. Perry Bishop* and *B. T. Riley,* all of Paola, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This appeal constitutes another milepost in eighteen years' litigation over the estate of the late Susan A. Day, of Miami county.

To an understanding of the latest phases of this litigation presently under our review, it will be convenient to summarize its earlier chapters as chronicled in our reports, viz.: *Weichold v. Day,* No. 25,209, 118 Kan. 598, 236 Pac. 649; *In re Day,* No. 27,615, and *Weichold v. Day,* No. 27,617, considered together in 129 Kan. 14, 281 Pac. 865; *Weichold v. Day,* No. 32,204, 144 Kan. 432, 61 P. 2d 1328; *In re Day,* No. 32,758, 144 Kan. 465, 61 P. 2d 1333. We give the serial numbers of these various appeals for their separate identification.

Susan A. Day died on May 12, 1919, leaving as her only heirs Etta M. Rose, a daughter; Harlan Day, a son; and Edith Rowe Weichold and Frank Rowe, alias Edwin Genthe, the last two being the children of Stella, a deceased daughter of Susan.

Following the death of Susan, what purported to be her last will and testament, dated two days before her death, was offered for probate and probated on the initiative of Etta M. Rose. By its terms of present concern a life estate in 240 acres of land was devised to Etta, a life estate in 160 acres to Harlan with remainder to Etta if she survived him, otherwise to Etta's children then living. All the residue was bequeathed to Etta and Harlan in equal shares, except $1 each to the two children of their dead sister Stella.

On May 5, 1921, Edith Rowe Weichold, then a minor, commenced an action to contest the will and to set aside its probate, and for an adjudication that Susan had died intestate, and for partition of the property among her heirs. Plaintiff prevailed; the will was set aside; and it was adjudged that Etta M. Rose should account for $2,422.50 she had received as the net rental income of the lands of Susan's estate she had held possession of during the years 1919 to 1922, inclusive; that Harlan Day should account for $2,240 as the rent of the lands of Susan he had possession of for the years 1919 to 1922, inclusive; that Etta M. Rose and Harlan Day each owned an undivided one-third interest in the lands of Susan, and that

Edith Rowe Weichold and Frank Rowe each owned an undivided one-sixth thereof, and—

"That said lands and all personal property involved in this action be divided and partitioned in the manner provided by law among the said heirs of Susan A. Day in proportion to their said ownership of said lands.

"That the costs of this action to this date be taxed to the defendant Etta M. Rose."

The foregoing judgment was rendered on April 18, 1923, and on appeal it was affirmed on June 6, 1925. (*Weichold v. Day*, No. 25,209, *supra.*)

Following the result of the foregoing litigation another will of Susan A. Day, executed in December, 1903, was produced from the repository provided for such instruments in the probate court, where it had lain for 23 years, and on August 7, 1925, it was offered for probate by John Rose, son of Etta M. Rose. It was admitted to probate on April 21, 1926, and later on its being subjected to a contest in the district court the will of 1903 was upheld as the valid last will and testament of Susan A. Day. That judgment was rendered on January 1, 1927, and on appeal that judgment was affirmed by this court on November 9, 1929. (*In re Day*, No. 27,615, *supra.*) Involved also in that appeal was a cross-appeal which is considered at length in Mr. Chief Justice Johnston's opinion in *In re Day*, just cited, but requires no critical notice at this time.

Apparently another consequence of our decision affirming the judgment in 118 Kan. 598, 236 Pac. 649, was the filing of a petition for a new trial in that case under the code (G. S. 1935, 60-3007). That petition was granted, the judgment of April 18, 1923, was set aside insofar as it dealt with the ownership of the lands of the Susan A. Day estate, and a new trial on that issue was ordered. That judgment was rendered on January 1, 1927; appealed to this court; considered in connection with the appeal in *In re Day*, No. 27,615, *supra*, and affirmed therewith. Incidentally, there was also a cross-appeal from the overruling of certain motions filed in the matter involved in the petition for a new trial, but that cross-appeal and its consequences require no special consideration now.

The next appeal to this court was from a ruling of the trial court sustaining a demurrer to the evidence adduced in support of the petition for a new trial when that matter came on for hearing following our decision in *In re Day*, No. 27,615, *supra*, and *Weichold*

*v. Day,* No. 27,617, *supra.* We reversed that judgment on November 7, 1936. (*Weichold v. Day,* No. 32,204, *supra.*)

A companion case to the one just mentioned was an appeal from a judgment setting aside the probate of the will of 1903 on technical grounds not easily summarized here. But see opinion of Mr. Justice Hutchison, filed November 7, 1936. (*In re Day,* No. 32,758, *supra.*)

Turning now to the matters involved in the present appeal, it will be noticed that at its last appearance in this court *Weichold v. Day,* No. 32,204, *supra,* was reversed and remanded to the district court with instructions to try the issues of fact presented in defendants' petition for a new trial. And in the companion case of *In re Day,* No. 32,758, *supra,* we reversed the judgment and remanded it for trial of the matters involved in the appeal from the judgment of the probate court admitting the will of 1903 to probate.

Pursuant to our mandates in these latest appeals, the district court tried the appeal from the probate court and sustained the probate of the will of 1903, and that judgment has become final.

In the last retrial of *Weichold v. Day* ordered by this court, all the records of all the earlier steps in this protracted litigation were introduced in evidence. There was also adduced in evidence the record of the final judgment of the district court affirming the judgment of the probate court admitting the will of 1903 to probate. Evidence was also adduced to show that Etta M. Rose knew of the existence of the will of 1903 and that it had been in the official custody of the court ever since it was deposited there in 1903. · The evidence also tended to show that the guardian *ad litem* of Etta M. Rose's three sons (to whom the remainder estate in the Susan A. Day lands was devised after the death of their mother, and grand uncle—apparently deceased since 1921), was aware of the existence of the will of 1903 and its whereabouts about the time the trial of the first action was held in 1923. There was also circumstantial evidence that the three sons of Etta M. Rose, although minors at the inception of this litigation in 1921, successively attained their majority as it proceeded. John, the eldest, was 23 years old when *Weichold v. Day,* No. 25,209, *supra,* was first tried and decided in 1923. All three of the sons—quite naturally, of course—coöperated with their mother and their guardian *ad litem* against plaintiffs' efforts to set aside the invalid will of 1919. To what extent they may have participated in withholding from the court the fact of the existence of the will of 1903 is merely a matter of debatable infer-

ence, although it is clear, of course, that John Rose, Etta's oldest son, on August 7, 1925, offered it for probate, following the final judgment which set aside the will of 1919. On the other hand, there also was testimony that one of the attorneys for the plaintiffs contesting the will of 1919 had been the scrivener of the will of 1903—to the legal consequences of which fact as against his client in the protracted litigation attacking the will of 1919 and seeking to have the Susan A. Day lands partitioned as an intestacy, inferences to the prejudice of plaintiff are urged.

The propriety of the trial court's judgment of the present appeal can best be reviewed by giving space to its findings of fact:

"1. Susan A. Day, a widow, was a resident of Miami county, Kansas, and on December 3, 1903, she duly executed and acknowledged an instrument in writing to be her last will and testament, and on said date she caused the same to be deposited for safekeeping in the office of the probate court of said county, as permitted by law, a proper record of such deposit having then been made and entered in the records of said probate court as provided by law. The said written instrument remained on deposit in said probate court until August 7, 1925, on which date the same was offered for probate by John Rose, one of the parties hereto.

"2. Etta M. Rose, one of the parties hereto, a daughter of the said Susan A. Day, and mother of the said John Rose, knew personally that her mother, Susan A. Day, had executed the said instrument, dated December 3, 1903, as her will, at all times since the time of its execution. And the said Etta M. Rose and all of counsel for the defendants herein had ample opportunity to ascertain at the time immediately following the death of the said Susan A. Day, on May 12, 1919, the fact that said written instrument was then on deposit in said probate court, and they wholly failed to make demand for the same until August 7, 1925.

"3. On May 10, 1919, the said Etta M. Rose and John Rose were present in the home of the said Susan A. Day, who was then in her fatal illness, and whose death occurred on May 12, 1919.

"And on said date, namely May 10, 1919, the said instrument in writing in question in this case, and purporting to be the last will and testament of the said Susan A. Day, was fraudulently attempted to be executed and witnessed, by the forging thereon of the signature of a person purporting to be an attesting witness thereto; by reciting, falsely, in said written instrument that Mrs. J. A. Smith, who was one of the named attesting witnesses therein, was then personally present at said time and place, which statement was wholly false and untrue; and by falsely reciting therein, in substance, that the said Susan A. Day, being of sound mind and memory and not under any undue influence, signed, published and declared said written instrument as and for her last will and testament in the presence of J. A. Smith and Mrs. J. A. Smith, as the attesting witnesses thereto; and by falsely reciting, in substance, that the said witnesses, including Mrs. J. A. Smith, signed said written instrument as such witnesses in the presence of said Susan A. Day and in the presence of

each other at said time and place. All of which false recitals and statements contained in said written instrument, and all of said fraudulent and unlawful procedure were then known by the said Etta M. Rose to have been thus fraudulently and unlawfully committed at said time and place, and have been by her so known at all the subsequent times and during all of the proceedings of the issues involved in this case, including in the probate court and in the district court of Miami county and in the supreme court of Kansas, wherein was urged the admission to probate the said void instrument as the last will and testament of the said Susan A. Day, dated May 10, 1919.

"4. In the appeal from the order of the probate court of Miami county, dated June 5, 1919, admitting said written instrument dated May 10, 1919, to probate and of record in said probate court as and for the last will and testament of said Susan A. Day, deceased, which said appeal was prosecuted and tried in this district court before the Hon. J. O. Rankin, then judge of this court, which resulted in the order and judgment of this court denying said written instrument, dated May 10, 1919, to probate as and for the last will and testament of the said Susan A. Day, deceased, the then judge of this court, under date of April 18, 1923, made, among others, the following 'findings of fact,' to wit:

" 'No. 6. Anna Smith, whose name appears as a witness to said will, did not sign her name to the same, but her name was signed thereto by J. A. Smith.

" 'No. 7. Anna Smith was not present at the time the will was signed.'

"The said Anna Smith was the wife of the said J. A. Smith, one of the witnesses.

"Also, in the appeal from the judgment and decree of this district court to the supreme court of Kansas, which resulted in the affirmance of the judgment of this court denying said instrument to probate as and for the last will of Susan A. Day, deceased, in each and all of said proceedings in the probate, district and supreme courts, the said petitioner for a new trial herein, Etta M. Rose, at all such times, withheld all of the knowledge and information concerning the acts surrounding the attempted unlawful execution of said instrument dated May 10, 1919, as and for the last will and testament of the said Susan A. Day, deceased. And each and all of the copetitioners for a new trial, associated with the said Etta M. Rose, namely, her sons Alton Rose, John Rose and Victor Rose, who were minors at the time this action was instituted in the probate court, but who have all attained their majority, have, by their acts in joining with the said Etta M. Rose in urging the sustaining of the petition for a new trial herein, have thereby ratified and endorsed the program of the said Etta M. Rose herein.

"5. Subsequent to the denial by the supreme court of admission of the fraudulent instrument dated May 10, 1919, as the last will and testament of Susan A. Day, and when the estate of said deceased had been adjudged to be an intestate estate and the real estate of said estate was in the course of being partitioned as an intestate estate, the prior executed will, dated December 3, 1903, was then offered for probate as and for the last will and testament of the said Susan A. Day, deceased, said instrument having remained in said probate court during all the times since its deposit therein on December 3,

1903, and was at all the time and times available to the petitioners for a new trial herein. And said written instrument was, by the order and decree of this court under date of April 8, 1937, in case No. 10,066, entitled: *In the matter of the appeal of Harlan Day, et al.*, admitted to probate as and for the last will and testament of the said Susan A. Day, deceased, and said written instrument, having been at all of the dates and times mentioned herein, could and should have been presented for probate by the said Etta M. Rose, or by her copetitioner for a new trial herein, instead of attempting in the probate court and in the district court of Miami county, and in the supreme court of Kansas, to have said void and fraudulent instrument, dated May 10, 1919, admitted to probate as the will of said deceased.

"6. The court finds that the said petition for a new trial, and the amendments thereto, were not filed in good faith by said petitioners; that the fact of the knowledge on the part of the petitioner, Etta M. Rose, of the fraud surrounding the execution of said instrument dated May 10, 1919, as a will; of the failure on the part of said petitioners to offer the valid will of December 3, 1903, for probate until after final denial by the supreme court of Kansas, to admit said void instrument to probate; of the failure on the part of said petitioners to request of the probate judge of Miami county the production of said deposited instrument, that the same could have been in the first instance, offered for probate; that all of the courts in which the issues and matters relating to this instant case have been presented and tried have been flagrantly imposed upon, since May 12, 1919."

On these findings the trial court made the following conclusions of law:

"1. The petition for a new trial, as amended, should be denied for the reason stated in the amended findings of fact herein.

"2. The petition for a new trial, as amended, should be denied for the reason that, by the admission to probate of the instrument dated December 3, 1903, as and for the last will and testament of Susan A. Day, deceased, there remains no issue in this case.

"3. The admission of the will of Susan A. Day, deceased, to probate, supersedes all orders and judgments of this court, rendered herein on April 18, 1923, and on June 30, 1923, and the same are of no force or effect, except the order holding invalid the purported will dated May 10, 1919.

"4. Because of the acts, conduct and the program of procedure in the various courts on the part of said Etta M. Rose, and because the same have been accepted and ratified by the said John Rose, Victor Rose and Alton Rose, since attaining their majority of ages, the costs hereof should be assessed against the said Etta M. Rose, John Rose, Victor Rose, Alton Rose."

On the above findings and conclusions the trial court rendered judgment denying the petition for a new trial, and adjudging the costs against the petitioners. They appeal, assigning various errors which may be summarized as a complaint against the general result, and that in view of the trial court's conclusions, especially con-

clusion of law No. 3, judgment should have been in favor of appellants.

It may be here observed that if conclusion No. 3 is correct and the admission to probate of the 1903 will superseded all previous orders and judgments of the trial court, which included such findings of intestacy and for partition as were made, except that holding invalid the will of 1919, it would seem to follow that the assets of the estate of Susan A. Day, after her debts and the expenses of administration of her estate are paid, should pass to the legatees and devisees named in her will, bearing in mind that the will contains no residuary clause and that she may have left property undisposed of which would pass to her heirs, and that therefore judgment should have been for the appellants unless, for reasons hereafter referred to, they are barred from taking under the will.

The effect of the court's findings and judgment is that Susan A. Day did not die intestate, and that her 1903 will is valid, but only inferentially is there any judgment that may be construed as barring appellants from taking as legatees or devisees under the will. To leave the cause in its present condition is only provocative of future litigation.

In *New v. Smith,* 97 Kan. 580, 155 Pac. 1080, it was said:

"When a lawsuit has been in court for fourteen years, during which time it has been appealed to the supreme court five times, it is imperative that some broad general principles of law and equity be rigorously applied, and the litigation brought to a close and final judgment ordered. This rule applied here." (Syl. ¶ 2.)

While in *Alexander v. Clarkson,* 100 Kan. 294, 297, 164 Pac. 294, which involved a long chain of litigation, it was stated thus:

"There are two important ends in view in every lawsuit; the first is that it be decided *right;* and the second, which is only less important than the first, is that it be *decided.*" (p. 297.)

The matter of long-continued litigation was involved in *Gibson v. Boynton,* 112 Kan. 173, 175, 210 Pac. 648, and commented on thus:

"Any lawsuit which has been protracted for fourteen years is a *prima facie* reproach to those who have to do with the administration of justice." (p. 175.)

And see *Stillie v. Stillie,* 129 Kan. 19, 23, 281 Pac. 925, and *McCleery v. McCleery Lumber Co.,* 136 Kan. 484, 493, 16 P. 2d 517, where the rule announced in *New v. Smith,* supra, was applied.

The history of what has transpired in the instant case has been

recited, and it seems time to bring the matter to a close if that can be done. Under G. S. 1935, 60-3317, it is provided that "in any case pending before it, the [supreme] court shall render such final judgment as it deems that justice requires," etc.

We have accordingly examined the record to determine whether the findings of fact are supported by the evidence or reasonable influences to be drawn therefrom, whether the conclusions of law properly follow, and to determine whether or not a final order may not now be made.

It appears that Etta M. Rose knew at all times that her mother had made the will of 1903; that she was instrumental in procuring the execution of the will made in 1919 and which was set aside in the trial court in 1923, and that during that trial she failed to disclose the existence of the 1903 will, a disclosure of which at that time should have ended the litigation—or at least would have avoided much of what has since transpired. Notwithstanding the probate of the 1903 will in 1925, and the fact that it is now not subject to attack as being the last will, we agree with the trial court that her actions have not been in good faith, and with the inferential conclusion that she is barred thereby and by her concealment of the 1903 will. (G. S. 1935, 22-233, and citations.)

We do not, however, agree that her actions bind her children, nor that because they were petitioners for a new trial with their mother they can be said to have adopted her course of conduct and became bound thereby. John Rose was born in 1900, Alton Rose was born in 1906, and Victor Rose in 1907. When Susan A. Day made the 1903 will John was not old enough to know a will was being made, even though he were present, and the two younger boys were not then born. There is no evidence that anyone told them of the will until 1925, unless they are charged with that knowledge because their guardian *ad litem* learned of it either just before or just after the first suit was tried in April, 1923. While appellees charge that the guardian *ad litem* learned of it in time to have informed the trial court, the appellants counter with the fact that in that suit plaintiffs were represented by counsel who drew the 1903 will, and notwithstanding their knowledge so acquired, they sought to have Susan A. Day declared to have died intestate and her real estate partitioned. We shall not decide the interesting question of who had notice, who was bound, or the ethics or morals involved. The judgment setting aside the adjudication with respect to intestacy

of Susan A. Day must answer. It does not appear that the children personally knew of the will. If the judgment of the trial court tends to bar them as legatees and devisees under the 1903 will, it is on the theory they are bound because they joined with their mother in seeking a new trial of the 1923 suit. For them to be bound it should appear their interests were the same as hers. It appears that from 1903 Susan A. Day owned 400 acres of land in Miami county. Without going into detail, under the 1903 will Etta M. Rose was given a life estate in 160 acres, and the testator's brother was given a life estate in the remaining 240 acres, the fee in each going to the children of Etta M. Rose living at the death of the life tenant. So it appears the children had a very definite interest in the lands of Susan A. Day under that will, and that it varied in quantity and quality from, and to a measurable extent was at variance with, any interest Etta M. Rose may have had. And that is not all. Under the 1919 will, out of which this trouble arose primarily, Etta was devised the fee in 240 acres, Harlan Day a life interest in 160 acres, with remainder over to Etta, and only in event of her death during the period of his life estate were her children to inherit. It can readily be seen that if the 1919 will stood, the children's prospective interest was contingent and much less than under the 1903 will, which gave them a vested remainder; and to hold that they assisted their mother in any nefarious conduct of which she may have been guilty in procuring the execution of that will, or in attempting to sustain it as the last will of Susan A. Day, when they were aware of the 1903 will, is to hold something that is not consistent with usual behavior. And it may also be remarked that to say their guardian *ad litem* concealed the 1903 will, with its much more beneficial terms for his wards, in order that the 1919 will might be sustained, is also too much. His integrity and professional standing make such an assumption an unwarranted slur on his memory.

When the 1903 will did finally come to light, some interested person was bound to offer it for probate. What was wrong with John Rose's asking that it be admitted? And after it was admitted, why should he and his brothers not petition the court for a retrial of the case in which it had been found his benefactress grandmother died intestate? We conclude that the children of Etta M. Rose were not estopped by reason of their asking relief in the same petition as their mother.

As has been pointed out, the trial court made no specific order or judgment, perhaps for the reason it was ruling primarily on the petition for a new trial. Are we in position to direct such a judgment?

From what has been said, it is clear that the 1903 will has been duly admitted to probate, and that it is no longer open to any contest. No error can be discerned in the trial court's finding and conclusion that Etta M. Rose, by reason of conduct heretofore mentioned, is barred from taking the life estate devised to her. By reason thereof the interest of her three children in the lands so devised is accelerated and they are now the lawful title holders thereof. As to the tract in which a life estate was devised to John Schofield, the record seems to indicate that he died in 1921. If so, the title thereto in Etta's children is also now complete.

We concur in the trial court's third conclusion of law. However, since the will of 1903 has been sustained, it necessarily follows that so much of the judgment in *Weichold v. Day*, No. 25,209, as ordered a partition of the Susan A. Day lands on the assumption that she had died intestate cannot stand; and on the new trial which the district court granted pursuant to the mandate of this court in No. 32,204, that order of partition should have been set aside. And this conclusion requires our partial disaffirmance of the trial court's first conclusion of law.

During a considerable part of the time this litigation has been pending a receiver has been in charge of the lands, collecting rents and paying taxes. We are not advised with what amount of money he may now stand charged. Nor are we advised whether the proceedings in the probate court with respect to the administration of the estate of Susan A. Day, deceased, have been completed and payment made of the legacies under her will and of any legally allowed demands, and of the costs of administration. Although this matter is not before us, it should be done, if it has not been done. If, on final settlement, there be any balance on hand, it should be divided and distributed to the persons entitled. If there is a deficit and the executor or administrator with the will annexed does not have sufficient moneys to pay the specific legacies, allowed demands and costs of administration, the district court should direct the receiver to pay the amount of such deficit to the executor or administrator as the case may be.

Owing to the rather unusual nature of this protracted litigation

and its result as herein specified, and as to this court seems just and equitable under the circumstances, under authority of *Singer v. Taylor,* 91 Kan. 190, 137 Pac. 931; *Chapman v. Kennett,* 94 Kan. 535, 146 Pac. 1153; *Medill v. McIntire,* 136 Kan. 594, 16 P. 2d 952; also, *Nelson v. Schoonover,* 89 Kan. 779, 132 Pac. 1183; *Aten v. Tobias,* 114 Kan. 646, 220 Pac. 196; *Amusement Syndicate Co. v. Martling,* 118 Kan. 370, 235 Pac. 126 (syl. ¶¶ 8, 10), we direct that all of the court costs, in both the district and this court, including all allowances made to guardians *ad litem* and to the receiver be paid out of any moneys remaining in the hands of the receiver. We also direct the district court to allow counsel for all parties reasonable attorneys' fees for their services in this protracted litigation—all of which allowances are to be made a charge on the estate, and to be paid by the receiver (*State, ex rel., v. Bone,* 125 Kan. 818, 839, 266 Pac. 85, and syl. ¶ 11); and if he has insufficient funds therefor that such allowances be made a lien on the lands devised under the will of Susan A. Day, deceased. If necessary that such lien be imposed, an order of sale may follow on praecipe of any party in interest.

The judgment of the trial court is modified and supplemented as hereinabove indicated, and the cause remanded for further proceedings as herein directed.