ETHELYN B. CHAMBERS and JOHN L. CHAMBERS, Plaintiffs, v. ANTHONY JAMES GALLO, Executor of the estate of Carmela Quaranta, Deceased, Defendant.

*(October* 19, 1954.)

RICHARDS, P. J., sitting.

*J. Rankin Davis* for the plaintiffs.

*Howard Duane* for the defendants.

Superior Court for New Castle County, No. 302, Civil Action, 1953.

RICHARDS, P. J.:

The defendant, Anthony James Gallo, Executor of the estate of Carmela Quaranta, was duly appointed as such executor by the Register of Wills of New Castle County, on October 9, 1951. The decedent possessed at the time of her death a certain mortgage for the sum of $5,500, executed by Albert A. Donofrio and Margaret T. Donofrio, his wife, as mortgagors, being a lien against certain property known as 2500 West Third Street in the city of Wilmington. On March 15, 1952, the said mortgagors

conveyed said property known as 2500 West Third Street in the city of Wilmington, to Anthony James Gallo, Executor of the estate of Carmela Quaranta, the defendant, for the consideration of $10, said conveyance being duly recorded in the office of the Recorder of Deeds. The purpose of said conveyance being to save the estate the expense which would have been incurred by a foreclosure of the mortgage and sale of the property.

Anthony James Gallo was named executor of Carmela Quaranta by her will but he was not given authority to buy or sell real estate.

The authority and duties of an executor or administrator are stated in *In re Brown's Estate*, 28 *Del. Ch.* 562, 52 *A.* 2d 387, 391, and *In re Wheatley's Estate*, 30 *Del. Ch.* 623, 60 *A.* 2d 113. Both of these cases were decided by the Orphans' Court of this State on exceptions to the account passed before the Register of Wills. It is unnecessary to cite additional authorities.

The condition of the bond which an executor or administrator is required to give when letters of administration are granted, extends to rents and profits of real estate of the deceased which are received by said executor or administrator; but this provision does not require him to collect them, nor vest him with any right of possession of such real estate. *Code of* 1953, Title 12, § 1522(d).

Title 12, Section 1902(a), provides that the rents and profits of the real estate of the deceased which shall come to the hands of the executor or administrator shall be assets for the payment of debts, and he shall be chargeable therewith; but (b) provides that nothing in the section shall give the executor or administrator any right of possession of the real estate.

When the personal estate of the decedent is not sufficient to pay his debts, his executor or administrator may present a petition to the Orphans' Court of the county in which any real estate of the decedent is located, for an order to sell such part thereof as the personal estate is not sufficient to pay. An order obtained for this purpose requires said executor or administra-

tor to execute a bond with surety, for an amount to be fixed by the Court; and this bond is in addition to the bond which he is required to give when he is granted his letters of administration by the Register of Wills. After making the sale, he must make a return to the Court and if the sale is approved the Court directs him to give a deed to the purchaser.

This is the only instance when the law of this State authorizes an executor or administrator to convey title to real estate. When a testator authorizes his executor to sell real estate which he owns at the time of his death and give the purchaser a deed therefor, the executor has the authority to convey a good title.

It must be admitted that it is the duty of an executor or administrator to protect the estate of the decedent, and do everything that he can to conserve the assets for the heirs. *In re Brown's Estate, supra; In re Wheatley's Estate, supra.* His rights and duties, however, are determined when the period of his administration ends. If he takes title to real estate in his administrative capacity, he takes it temporarily for the benefit of the creditors, if there are any, and the heirs. If the defendant in this case, considered it necessary to take title to real estate in his administrative capacity in order to protect the estate, he should have petitioned the Register of Wills requesting authority to take that course. Having obtained this authority, he could subsequently have petitioned the Register of Wills for authority to convey title to such real estate to a third party.

A deed from the defendant in pursuance of the authority granted him by the Register, together with a deed from the heirs at law of Carmela Quaranta, the deceased, would convey a good title to the real estate in question. A deed solely from the executor in his administrative capacity, under the existing circumstances, would not convey a good title. *In re Tredway,* 29 *Ohio App.* 265, 163 *N. E.* 223; *Allison v. Graham,* 67 *Iowa* 68, 24 *N. W.* 597; *In re Roach's Estate,* 50 *Or.* 179, 92 *P.* 118; *Weir v. Bagby,* 72 *Kan.* 67, 82 *P.* 585; *Easterling v. Blythe,* 7 *Tex.* 210, 56 *Am. Dec.* 45.

Having arrived at this conclusion, it necessarily follows that judgment must be rendered in favor of the plaintiffs for $500, the amount paid to the defendant under the terms of the agreement for the purchase of the property.

Judgment for the plaintiffs for $500, with interest from April 28, 1952.